## MAINE BONDING & CASUALTY CO.

v.

## Clarence PHILBRICK, James Philbrick, and James Philbrick and Father Well Drilling.

Supreme Judicial Court of Maine.

Argued Jan. 20, 1988.

Decided March 3, 1988.

Paul F. Macri, Steven D. Silin (orally), Berman, Simmons & Goldberg, P.A., Lewiston, for plaintiff.

Roger J. Katz, Peter B. Bickerman (orally), Lipman & Katz, P.A., Augusta, for defendants.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The plaintiff, Maine Bonding & Casualty Company (Maine Bonding), appeals from a summary judgment entered by the Superior Court, Kennebec County, in favor of the defendants, Clarence Philbrick, James Philbrick and James Philbrick and Father Well Drilling, on Maine Bonding's action for declaratory judgment. On appeal Maine Bonding contends, as it did in the Superior Court, that the provisions of the automobile insurance policy it issued to James Philbrick and Father Well Drilling (the partnership) excluded coverage for injuries

sustained by James Philbrick while riding in the insured automobile. We correct the judgment to refer to Part IV of the insurance policy and affirm the judgment as corrected.

## I.

The undisputed facts in this case are as follows: James Philbrick and his father Clarence Philbrick were equal partners in a well drilling business. James Philbrick was injured while riding in a pick-up truck operated by Clarence Philbrick. The truck was owned by the partnership and insured by Maine Bonding in the partnership name. The accident occurred while the partners were on partnership business. Part IV C of the Maine Bonding policy in effect at the time of the accident contained, *inter alia,* the following exclusion from coverage:

This insurance does not apply to:

. . . .

2. Any obligation for which the insured or his or her insurer may be held liable under any workers' compensation or disability benefits law or under any similar law.

At no time did the partnership obtain workers' compensation insurance.

James Philbrick brought suit against Clarence Philbrick seeking damages for injuries proximately caused by the alleged negligent operation of the truck. Maine Bonding then brought the instant action for declaratory judgment seeking a determination that by reason of the exclusionary provisions of Part IV C it had no obligation to defend or indemnify Clarence Philbrick in the action brought by James Philbrick. The parties agreed that there were no genuine issues as to any material facts, and each party filed a motion for a summary judgment. After a hearing, the trial court granted the defendants' motion and entered judgment in their favor. This appeal followed.

1. 39 M.R.S.A. § 2(5)(B) (Supp.1987) provides in pertinent part:

The term "employee" shall be deemed to include, if he elects to be personally covered by this Title, any person who regularly operates a business ... in partnership ... with other persons, whether or not he hires employees.

## II.

Maine Bonding contends that coverage for any injuries sustained by James Philbrick is excluded by Part IV C of its policy because the partnership would be liable under the Workers' Compensation Act (the Act). We disagree.

The basic purpose of the Act is "to compensate *employees* for injuries suffered while and because they were at work." *Bryant v. Masters Machine Co.,* 444 A.2d 329, 333 (Me.1982) (citation omitted and emphasis added). We have previously noted that the primary objective of an exclusionary clause such as the one in the Maine Bonding policy "is to avoid duplication of coverage with respect to workers' compensation insurance." *Concord Gen. Mut. Ins. Co. v. Home Indem. Co.,* 368 A.2d 596, 601 (Me.1977) (citation omitted). In construing an exclusionary clause in an insurance contract, any ambiguities will be resolved against the insurer. *Baybutt Const. Corp. v. Commercial Union Ins. Co.,* 455 A.2d 914, 921 (Me.1983).

In the instant case, the ambiguities of the exclusionary clause relied on by Maine Bonding become apparent when considered with the facts of this case and the provisions of the Act. Since the enactment in 1977 of section (2)(5)(B) of the Act, members of a partnership can elect coverage under the Act.[1] Here, there is no election by James Philbrick to be personally covered by compensation insurance. Accordingly, no person or insurer can be held liable under the Act. The trial court properly found that the exclusionary provision in the insurance policy issued by Maine Bonding to the partnership was not applicable to the facts of this case.

The entry is:

Judgment corrected to substitute reference to "Part IV" rather than Part III of

Such a person shall elect personal coverage by insuring and keeping insured the payment of compensation and other benefits under a workers' compensation insurance policy. The insurance policy shall clearly indicate the intention of the parties to provide coverage for the person electing to be personally covered.

the policy of insurance issued by Maine Bonding & Casualty Company and, as corrected, affirmed.

All concurring.