MAINE MUTUAL FIRE INSURANCE COMPANY

v.

AMERICAN INTERNATIONAL UNDERWRITERS INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 22, 1995.

Decided June 24, 1996.

William J. Kelleher, Ruth E. McNiff, Augusta, for Plaintiff.

Elizabeth J. Wyman, Edward R. Benjamin, Preti, Flaherty, Beliveau & Pachios, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

American International Underwriters Insurance Company appeals from the judgment of the Superior Court (Kennebec County, *Mills, J.*) granting Maine Mutual Fire Insurance Company's motion for a summary judgment and denying American International's motion for a summary judgment. On appeal, American International contends that the Superior Court erred in determining as a matter of law that (1) the insured's automobile policy issued by American International pro-vides coverage for the disputed claim, and (2) the insured's homeowner's policy issued by Maine Mutual does not provide coverage for the claim. Because we conclude that the claim against the insured falls within the coverage provided by the insured's Maine Mutual homeowner's policy, and is not excluded by the exclusionary clause contained in that policy, we vacate the judgment.

The facts in this case are undisputed. On June 20, 1991, Michael Thompson drove to work with his dog in his truck. At approximately 3:00 p.m. that day, Michael drove, with the dog still in his truck, from work to the home of his parents. On arriving at his parent's home, Michael parked his vehicle in front of the home, let the dog out of the truck, tied it to the truck with a ten- to twelve-foot length of chain, and went inside his parent's home for a visit. At some point after being tied, the dog jumped onto the flatbed of Michael's truck.

On that same day, ten-year-old Jacob Gosselin went swimming in the pool at Michael's parent's home. Just before 5:00 p.m., Jacob got up on the flatbed of the truck to pet the dog. Jacob petted the dog for approximately five to ten minutes, after which the dog bit Jacob in the face. At the time of this incident, Michael was insured pursuant to an automobile policy issued by American International and a homeowner's policy issued by Maine Mutual.

Michael's homeowner's policy provides liability coverage for "bodily injury ... caused by an occurrence to which this coverage applies." It also explicitly provides medical payment coverage "to a person off the insured location, if the bodily injury is caused by an animal owned by or in the care of the insured." The policy further states that "Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage ... arising out of ... the ownership, maintenance, use, loading or unloading of motor vehicles."

Michael's automobile policy issued by American International provides that "[w]e will pay damages for bodily injury or property damage for which any insured becomes

legally responsible because of an auto accident." (internal quotations omitted). The term "insured" is defined as "[y]ou or any family member for the ownership maintenance or use of any auto or trailer." Michael requested coverage from both American International and Maine Mutual. American International denied coverage. Maine Mutual, however, took the claim, subject to a full reservation of rights, and negotiated a settlement with Jacob's family for $55,000. American International agrees that this was a reasonable settlement.

Michael Thompson assigned to Maine Mutual all of his rights under his automobile policy issued by American International. Thereafter, Maine Mutual filed a complaint for a declaratory judgment asserting that Michael's homeowner's policy excluded coverage for this claim, and that there was coverage under Michael's automobile policy.

Maine Mutual filed a motion for a summary judgment. American International filed its opposition along with its own motion for a summary judgment. The parties agreed that "the facts [were] not in dispute for the purposes of the [m]otions." The court entered a summary judgment in favor of Maine Mutual and against American International, and subsequently ordered American International to pay Maine Mutual the $55,-000 it had paid in settlement to Jacob's father. This appeal by American International followed.

Because there is no material factual dispute, the matter was appropriate for disposition by summary judgment. *Chadwick–BaRoss, Inc. v. T. Buck Constr., Inc.*, 627 A.2d 532, 534 (Me.1993) (citations omitted). The issue before us is the correct construction of the insurance policies involved, and whether liability coverage for the dog bite is provided by either or both of the policies owned by the insured. If there is any ambiguity in insurance policy language involving coverage, we construe that language in favor of the insured and against the insurer. *Patrons Mut. Ins. Co. v. Rideout*, 411 A.2d 673, 676 (Me.1980) (citing *Johnson v. American Auto. Ins. Co.*, 131 Me. 288, 161 A. 496 (1932)). Accordingly, ambiguities in exclusionary clauses are construed narrowly.

*Maine Bonding & Cas. Co. v. Philbrick*, 538 A.2d 276, 277 (Me.1988).

In concluding that the automobile policy issued by American International provided coverage, the trial court relied on *Union Mut. Fire Ins. v. Commercial Union Ins.*, 521 A.2d 308 (Me.1987), and *Worcester Ins. v. Dairyland Ins.*, 555 A.2d 1050 (Me.1989). Both of those cases involved liability coverage disputes between the insured's homeowner's and automobile insurers, and in both cases we upheld judgments determining that coverage was provided by the insured's automobile policy.

In both cases the homeowners and automobile policies were similar to the policies in this case issued by American International (automobile) and Maine Mutual (homeowner's). We concluded in both cases that there was coverage provided by the automobile policy because there was "a causal relationship ... between the accident or injury and the ownership, maintenance or use of the vehicle." *Union Mut.*, 521 A.2d at 310 (citation omitted). We reasoned that "[t]he causal relationship between the proper use of the vehicle and the subsequent injury need not be the proximate cause of the injury; coverage will be extended if there is a reasonable causal connection between the use and the injury." *Id.* at 311. In both of those cases, however, the injuries occurred while a vehicle was either being loaded or unloaded, thereby within the "use" of the vehicle as that term was defined in the automobile policy and clearly falling within the "loading or unloading a motor vehicle" exclusion of the homeowner's policy applicable to exempt the homeowner's policy from coverage. Here, by contrast, the injury to Jacob did not occur while the dog was being transported in or unloaded from the vehicle, but, rather, while the truck was being used as a stationary object to which the dog was tied. Indeed, Jacob was bitten a substantial time after the truck was parked and the dog tied to it. Michael's "use" of the vehicle as an object to secure his dog was not directly incidental to the operation of the vehicle and, accordingly, there is an insufficient causal connection between the injury and the use of the vehicle to fall within the terms of the automobile policy.

As to the homeowner's policy, it is not really disputed that unless the exclusion relating to motor vehicles applies, Maine Mutual's policy provides coverage for this dog bite incident.[1] The exclusion applies to "bodily injury ... arising out of ... the ownership, maintenance, use, loading or unloading of motor vehicles." Consistent with our interpretation of the word "use" in the automobile policy and construing the "use, loading or unloading of motor vehicle" exclusion against the homeowner's insurer, as we must, *Maine Bonding & Cas. Co.*, 538 A.2d at 277, we conclude that it does not apply to exclude from liability coverage the otherwise applicable homeowner's policy issued by Maine Mutual.

The entry is:

Judgment vacated.

All concurring.

---

1. Coverage E provides coverage if suit is brought against the insured for damages for "bodily injury or property damage caused by an occurrence to which this coverage applies." The policy explicitly provides that there is medical coverage for bodily injury caused by an animal owned or in the care of the insured.