## CAMBRIDGE MUTUAL FIRE INSURANCE CO.

v.

## Steven M. VALLEE, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 5, 1996.

Decided Dec. 31, 1996.

John C. Nivison, Pierce Atwood, Augusta, ME, for Plaintiff.

Paul F. Macri, Berman & Simmons, Lewiston, ME, Wendell G. Large, Richardson, Whitman, Large & Badger, Portland, ME, for the Appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

■ Cambridge Mutual Fire Insurance Company appeals from a summary judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) in favor of Steven M. Vallee, State Mutual Insurance Company, and David and Renee Ouellette. Cambridge Mutual, in response to a personal injury action brought against Vallee by the Ouellettes, filed a complaint seeking a declaratory judgment that Vallee was not covered under a homeowners insurance policy issued by Cambridge Mutual to Vallee's father. Cambridge Mutual argues the trial court erred in deciding that Steven Vallee was a resident of his father's household at the time the Ouellettes'

action arose. We disagree, and affirm the judgment.

Vallee was the defendant in a personal injury action brought by the Ouellettes on behalf of their son Bradley, who was injured on July 2, 1992. At that time, Vallee was living with his parents in Auburn. Vallee's father, Bertrand, had homeowners insurance with Cambridge Mutual. Section II(E)(1) of Bertrand's policy provides personal liability coverage for bodily injury or property damage "for which the insured is legally liable...." The policy defines "insured" as follows:

> 3. "insured" means you and residents of your household who are:
>
> a. your relatives....

The definitions section does not define or otherwise explain the meaning of the term "resident" as contained in the definition of "insured."

On June 8, 1992, almost a month before Bradley Ouellette's injuries, Steven Vallee was arrested and charged with assaulting his wife. A condition of his bail prohibited him from returning to their home in Lisbon. A trial on the assault charge was scheduled for August 27, 1992. Between June 8 and his trial date (with the exception of a one- or two-week period in August), Vallee lived at his parents' house, kept his clothes there, and returned there after work each day. Vallee intended to live there until the assault charge against him was resolved. On the date set for trial, August 27, the charge was dropped and Vallee moved back into his Lisbon home.

On an appeal from a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment was entered to determine whether the record supports the trial court's conclusion that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Simpson v. Central Maine Motors, Inc.,* 669 A.2d 1324, 1325–26 (Me. 1996).

■ The term "resident," as used in the homeowners policy issued to Bertrand Vallee, is ambiguous. The language of a contract of insurance is ambiguous if it is reasonably susceptible of different interpretations. *Brackett v. Middlesex Ins. Co.,* 486 A.2d 1188, 1189 (Me.1985) (citing *Lidstone v. Green,* 469 A.2d 843, 846 (Me.1983)). As many courts have observed, "residence" has different shades of meaning depending on the context in which it is used. *See, e.g., Huffman v. Huffman,* 232 Neb. 742, 441 N.W.2d 899, 904 (1989) (to "reside" and its corresponding noun "residence" are "chameleon-like expressions"); *Jamestown Mut. Ins. Co. v. Nationwide Mut. Ins. Co.,* 266 N.C. 430, 146 S.E.2d 410, 414 (1966) (the words "resident," "residing," and "residence" have no precise, fixed meaning applicable to all cases); *State v. Tustin,* 322 S.W.2d 179, 180 (Mo.App.1959) (the term "residence" is "like a slippery eel").

■ Despite the ambiguity inherent in the term "resident," that term was not clarified in the homeowners policy issued to Bertrand Vallee. We note that Cambridge Mutual did attempt to define numerous other terms in the policy's definitions section. Without the benefit of elaboration, the term "resident" is ambiguous because it is reasonably susceptible of different interpretations. It is well-established that ambiguities in an insurance policy are resolved against the insurer, *Allstate Ins. Co. v. Elwell,* 513 A.2d 269, 271 (Me.1986) (citing *Baybutt Constr. Corp. v. Commercial Union Ins. Co.,* 455 A.2d 914, 921 (Me.1983)), and that a liability insurance policy must be construed to resolve all ambiguities in favor of coverage, *Maine Drilling & Blasting, Inc., v. Insurance Co. of North America,* 665 A.2d 671, 673 (Me.1995) (citing *Massachusetts Bay Ins. Co. v. Ferraiolo Constr. Co.,* 584 A.2d 608, 609 (Me. 1990)).

Construing the term "resident" in favor of coverage, as we must, Steven Vallee was a resident of his parents' household within the meaning of the homeowners policy issued by Cambridge Mutual. We are not persuaded by its contention that the temporary nature of Vallee's stay, in itself, precludes residence. Faced with a court order that prevented him from returning to his home, Vallee intended to reside with his parents until the criminal charge against him was resolved.

The entry is:

Judgment affirmed.

All concurring.