RECEIVED & FILED

FEB 28 2003

ANDROSCOGGIN
SUPERIOR COURT

STATE OF MAINE

ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-33
TED - AND - 2/28/2003

CLAIRE THOMAS et al,

Plaintiffs

v.

MAINE BONDING &
CASUALTY COMPANY et al.,

Defendants

**DECISION AND ORDER
ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

DONALD L. GARBRECHT
LAW LIBRARY

MAR 27 2003

The plaintiffs have brought this action as a "reach and apply" seeking to recover damages from a separate action in which the plaintiffs recovered a substantial judgment against Martin S. Finley, Jr. and others, including his business interest (Chalet Motel, Inc.). Finley had lured the young plaintiffs to the motel and other places where he furnished them with alcohol and enticed them to pose nude while he photographed them. Some of the activity occurred at the Chalet Motel.

As a result of his activity, Martin Finley was indicted for one count of gross sexual assault and four counts of sexual exploitation of a minor. He was subsequently convicted on all four counts of sexual exploitation of a minor and was sentenced to a term of 8 years in prison, with 5 years suspended, to be followed by 4 years of probation.

The defendants have moved for summary judgment on grounds that an endorsement attached to the policies excludes coverage for acts of sexual abuse or molestation:

> This insurance does not apply to "bodily injury", "property damage", "advertising injury" or "personal injury" arising out of:
>
> 1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any injured[.]

Clearly, this exclusion would prevent recovery for conduct that would constitute a sexual assault as originally charged in the indictment for gross sexual assault. The defendants further maintain that even if Finey's conduct did not involve an actual sexual act or physical activity, that the "exploitation" falls within the scope of the abuse or molestation exclusion.

Finley is not alleged to have physically assaulted the girls. The plaintiffs say that his actions, even though they are of a sexual nature and reprehensible and resulted in criminal convictions, his conduct did not constitute "molestation."

To the extent that the terms of the policy create any ambiguity it shall be construed against the defendant who drafted and selected the language of the policy. *See Cambridge Mut. Fire Ins. Co. v. Vallee*, 687 A.2d 956 (Me. 1996) and *Baybutt Constr. Corp. v. Commercial Union Ins. Co.*, 455 A.2d 914 (Me. 1983).

In addition to the cases and statutes cited and relied upon by plaintiffs, the court looks at common definitions for molestation and exploitation:

> **exploitation**: Taking unjust advantage of another for one's own advantage or benefit.

BLACK'S LAW DICTIONARY (5th ed. 1979).

2

**molest:** To disturb, interfere with or annoy. To subject to unwarranted or improper sexual activity.

AMERICAN HERITAGE DICTIONARY OF THE AMERICAN LANGUAGE (2nd ed. 1992).

Finley's conduct with the girls was for his own advantage or benefit. That conduct, as salacious as it is, did not amount to a sexual act or sexual contact that would warrant exclusion under the provision provided in defendants' policies.[1]

The entry will be:

Defendants' Motion for Summary Judgment is denied.

So Ordered.

DATED: 02|28|03

Thomas E. Delahanty II
Justice, Superior Court

---

*Plaintiffs*
*Timothy Bryant*
*Roy Purie*

*Defendants*
*Martin Daugla*

---

[1] The Maine Criminal Code requires an actual touching to constitute a sexual act or sexual contact. 17-A M.R.S.A. § 251(1)(C) and (1)(D).

3