STATE OF MAINE                                SUPERIOR COURT
ANDROSCOGGIN, ss.                             CIVIL ACTION
                                              DOCKET No. CV-11-045
                                              MGK - AND - 3/28/2012


YORK INSURANCE COMPANY OF MAINE,

                                              REED AJ330 03/28/12
         Plaintiff

v.

WILLIAM E. WHITE, Personal                    ORDER ON PLAINTIFF'S
Representative of the Estates of Marissa      MOTION FOR SUMMARY
White and Lisa White,                         JUDGMENT
and MONICA WENTWORTH,

         Defendants

and

DONALD LOVELL,

         Party-in-Interest


         Before the Court is plaintiff's motion for summary judgment in this
declaratory judgment action, seeking a declaration that damages arising from an
automobile accident on November 7, 2009 are excluded from coverage under a
homeowners insurance policy issued by plaintiff.

         The parties have stipulated to the following facts:

         On November 7, 2009, Donald Lovell was operating a pickup truck that was
involved in a head-on collision with an automobile operated by Lisa White, in which
Marissa White and Monica Wentworth were passengers.  Both Marissa White and
Lisa White died as a result of the accident, and Monica Wentworth sustained serious
injuries.

         Andrew Frechette owned the pickup truck operated by Lovell.  At the time of
the accident, the truck was towing an enclosed trailer containing a racecar.  The
racecar did not have a motor or a transmission.  (Def.'s S.M.F. ¶ 1.)  Neither the

trailer nor the racecar made physical contact with Lisa White's automobile during the accident; rather, the trailer collided with the back of the pickup truck following the impact. For the purposes of this motion, the parties have instructed the court to assume that the racecar, as cargo, contributed to the accident when the trailer collided with the rear of the pickup truck after the initial collision.[1]

York Insurance Company of Maine was the issuer of a homeowners insurance policy to Andrew Frechette, owner of the pickup truck. That policy was in effect at the time of the accident. For the purposes of this motion, the parties agree that Lovell is an insured under the homeowners policy as a resident relative of Frechette. (Mot. Summ. J. 2; Am. Opp. 3.) York Insurance seeks a declaratory judgment that Frechette's homeowners insurance policy does not provide coverage for any claims for death or personal injuries resulting from the accident of November 7, 2009.

I.      Standard of Review

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). On a motion for summary judgment, the court must consider the facts in the light most favorable to the non-moving party. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733.

II.     The Homeowners Insurance Policy and the Motor Vehicle Liability Exclusion

Under the homeowners insurance policy, "motor vehicle liability" is defined as "[l]iability for 'bodily injury' or 'property damages' arising out of the... maintenance, occupancy, operating, use, loading or unloading of such vehicle... by any person...."

The homeowners insurance policy states in pertinent part:

Section II – Exclusions

A. "Motor Vehicle Liability"

---

[1] Defendant filed an amended opposition to plaintiff's motion seeking to add the affidavit of a proposed expert explaining the manner in which the weight of the racecar contributed to the accident. For purposes of the pending motion, plaintiff had already stipulated that the racecar had *some* effect on the accident; therefore, the additional affidavit does not influence the court's determination of the narrow issue presented in plaintiff's motion for summary judgment.

2

1. Coverages E [Personal Liability] and F [Medical Payments to Others] do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence," the involved "motor vehicle":

  a. Is registered for use on public roads or property;

  b. Is not registered for use on public roads or property, but such registration is required by law…

  c. Is being

> (1) Operated in, or practicing for, any prearranged or organized race, speed contest, or other competition;
> (2) Rented to others;
> (3) Used to carry persons or cargo for a charge; or
> (4) Used for any "business" purpose except for a motorized golf cart while on a golfing facility.

(Stip. of Fact, Ex. A.)

The parties agree that the pickup truck is a motor vehicle for purposes of the homeowners policy. (Mot. Summ. J. 7.) Plaintiff argues that the motor vehicle exclusion of the homeowners policy unambiguously applies because the accident and resulting injuries arise out of the operation of a motor vehicle, i.e. the pickup truck. (Mot. Summ. J. 7.) Defendants contend that for purposes of determining insurance coverage, the racecar should be considered separate from the pickup truck and the trailer. (Opp. 4-7.) According to defendants, the racecar is not a motor vehicle under the policy, it contributed to the accident, and therefore the motor vehicle exclusion does not apply. (Opp. 7-14.) Based on the parties' stipulations, there is no material factual dispute and the question is appropriate for disposition by summary judgment.

III.    The Language "Arising out of… Operating [or] Use… of the Motor Vehicle"

Based on the language of the insurance contract, the motor vehicle exclusion applies to "bodily injury… arising out of the… maintenance, occupancy, operating, use, loading or unloading" of a motor vehicle. The first step in evaluating an insurance contract is to determine whether the language of the exclusion is ambiguous. Contractual language is ambiguous if it is "reasonably susceptible of different interpretations." *Cambridge Mut. Fire. Ins. Co. v. Vallee*, 687 A.2d 956, 957 (Me. 1996). If there is any ambiguity in insurance policy language involving coverage, the language is to be construed in favor of the insured and against the

3

insurer. *Maine Mut. Fire Ins. Co. v. American Int'l Underwriters Ins. Co.*, 677 A.2d 1073, 1075 (Me. 1996). Coverage under the policy will be excluded "only where such separately stated 'exclusions,' when viewed as a whole, unambiguously and unequivocally negate coverage." *Id.* (emphasis in original).

The Law Court has utilized a broad definition of the phrase "arising out of," interpreting it to mean "originating from, growing out of, flowing from, incident to or having connection with." *Acadia Ins. Co. v. Vt. Mut. Ins. Co.*, 2004 ME 121, ¶ 8, 860 A.2d 390 *quoting Murdock v. Dinsmoor*, 892 F.2d 7, 8 (1st Cir. 1989). This phrase is unambiguous when used in an exclusionary clause of an insurance contract. *See Acadia Ins. Co.*, 2004 ME 121, ¶ 8, 860 A.2d 390.

The phrases "operation" and "use of a motor vehicle" is similarly clear. An activity constitutes "use" of an automobile where the activity is "directly incidental to the operation of the vehicle." *Maine Mut. Fire Ins. Co. v. American Int'l Underwriters Ins. Co.*, 677 A.2d 1073, 1075 (Me. 1996). Thus, where using a vehicle as transportation for a hunting trip was a reasonable and foreseeable manner of operating the vehicle, the activity of loading or unloading firearms from the vehicle also constituted "use" of the vehicle because it is incidental to that purpose. *Union Mut. Fire Ins. Co. v. Commercial Union Ins. Co.*, 521 A.2d 308, 311 (Me. 1987) (holding that when a firearm was accidentally discharged when being removed from a pickup truck, the resulting injuries were excluded from coverage under a homeowners insurance policy).[2]

On the other hand, when an individual tied a dog to his parked truck, and the dog subsequently bit a child, the resulting injuries were covered under the insured's homeowners policy because the "'use' of the vehicle as an object to secure [the] dog was not directly incidental to the operation of the vehicle" and the causal connection between the injury and the use of the vehicle was insufficient to fall within the

---

[2] Although this activity was most clearly excluded because it fell under "loading and unloading" of the vehicle, the Law Court explained that the activity could also be characterized more generally as "use" of the vehicle and excluded under that term in the contract as well. *See Union Mut. Fire Ins. Co. v. Commercial Union Ins. Co.*, 521 A.2d 308, 311 n. 1 (Me. 1987); *see also Maine Mut. Fire Ins. Co. v. American Int'l Underwriters Ins. Co.*, 677 A.2d 1073, 1075 (Me. 1996) (explaining that the unloading of the firearm in *Union Mutual Fire Insurance Co.* constituted "use" of the vehicle under the insurance contract).

motor vehicle exclusion of the homeowners policy. *Maine Mut. Fire Ins. Co. v. American Int'l Underwriters Ins. Co.*, 677 A.2d 1073, 1075-76 (Me. 1996).

The cases cited above indicate that the analysis of a motor vehicle exclusion does not, as defendant suggests, require that the court initially determine whether the specific object that caused the injuries is a covered entity under the insurance policy. If this were the case, the court would have begun its analysis by considering whether the firearm or the dog constituted an object that fell within the motor vehicle exclusion of the homeowners policy. Instead, the Law Court explained that the determinative factor as follows:

> It is the activity in which the insured is engaged at the time [when the injury occurs] that provides the temporal and spatial nexus that is determinative of the applicability of [the motor vehicle] exclusion in a homeowner's insurance policy.

*Worcester Ins. Co. v. Dairyland Ins. Co.*, 555 A.2d 1050, 1052 (Me. 1989).

In the instant case, the parties have agreed that the pickup truck driven by Lovell was a motor vehicle for purposes of the homeowners insurance policy. Lovell was engaged in operating that vehicle when it collided with the car driven by Lisa White. It was Lovell's operation and direct use of the vehicle that provides the "temporal and spatial nexus" for the applicability of the motor vehicle exclusion. *Id.* at 252. Additionally, there is an irrefutable causal connection between the act of "operating" and "using" the pickup truck and the consequent injury. *See Union Mut. Fire Ins. Co. v. Commercial Union Ins. Co.*, 521 A.2d 308, 311 (Me. 1987). Accordingly, the injuries are excluded from coverage under the motor vehicle exclusion in the insured's homeowners policy.

In a case such as this, it is certainly understandable that the injured party should seek to identify any feasible source of compensation for the tragic losses that have occurred; however, defendant's proposed interpretation of the exclusionary language of the insurance policy is inconsistent with established precedent.

5

Base on the preceding discussion, the entry is:

Plaintiff's Motion for Summary Judgment is GRANTED.

It is hereby ORDERED that the homeowners insurance policy issued by York Insurance to Andrew Frechette does not provide coverage for any claims for injury arising out of the automobile accident of November 7, 2009 in which the vehicle operated by Donald Lovell collided with the vehicle operated by Lisa White.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this Order and Decision by reference in the docket.

Dated: 3/28/12

MaryGay Kennedy,
Justice Superior Court

6

YORK INSURANCE COMPANY OF MAINE - PLAINTIFF

Attorney for: YORK INSURANCE COMPANY OF MAINE
JAMES D POLIQUIN  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600


vs
MARISSA WHITE ESTATE OF  - DEFENDANT

Attorney for: MARISSA WHITE ESTATE OF
SHELDON J TEPLER  - RETAINED 04/08/2011
HARDY WOLF & DOWNING
186 LISBON ST
PO BOX 3065
LEWISTON ME 04243-3065


LISA WHITE ESTATE OF  - DEFENDANT

Attorney for: LISA WHITE ESTATE OF
SHELDON J TEPLER  - RETAINED 04/08/2011
HARDY WOLF & DOWNING
186 LISBON ST
PO BOX 3065
LEWISTON ME 04243-3065


DONALD LOVELL  - PARTIES IN INTEREST

Attorney for: DONALD LOVELL
SHELDON J TEPLER  - RETAINED 04/08/2011
HARDY WOLF & DOWNING
186 LISBON ST
PO BOX 3065
LEWISTON ME 04243-3065


WILLIAM E WHITE  - PERSONAL REPRESENTATIVE

Attorney for: WILLIAM E WHITE
SHELDON J TEPLER  - RETAINED 04/08/2011
HARDY WOLF & DOWNING
186 LISBON ST
PO BOX 3065
LEWISTON ME 04243-3065

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2011-00045

DOCKET RECORD

Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 03/09/2011

## Docket Events:

03/09/2011 FILING DOCUMENT - COMPLAINT FILED ON 03/09/2011

03/09/2011 Party(s):  YORK INSURANCE COMPANY OF MAINE
           ATTORNEY - RETAINED ENTERED ON 03/09/2011