Order and judgment (one paper), Supreme Court, New York County (Anil C. Singh, J.), entered June 5, 2013, which granted plaintiff insurer’s motion for summary judgment declaring, among other things, that it had no duty to defend or indemnify *626 defendant William Staib in the underlying personal injury action, and so declared, unanimously affirmed, without costs.
Defendant Staib sought coverage under an automobile insurance policy issued by plaintiff for injuries sustained when an unrestrained and unattended dog sitting in Staib’s parked car bit Staib’s niece, the infant defendant, as she walked by the vehicle. The policy provides that plaintiff “will pay for all damages an insured person is legally obligated to pay . . . because of bodily injury or property damage . . . from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of an insured auto.” The infant defendant’s injuries did not arise out of the “ownership, maintenance or use” of the automobile. Indeed, the vehicle itself did not produce the injury, nor did the accident arise out of the inherent nature of the vehicle (see Eagle Ins. Co. v Butts, 269 AD2d 558, 558-559 [2d Dept 2000], lv denied 95 NY2d 768 [2000]). Rather, the vehicle was merely the situs of the accident, which is not sufficient to trigger coverage under the plain terms of the subject policy provision (see Walden v Smith, 427 SW3d 269, 282 [Mo Ct App 2014]; Maine Mut. Fire Ins. Co. v American Intern. Underwriters Ins. Co., 677 A2d 1073, 1075 [Me 1996]).
Concur—Tom, J.E, Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.