STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-547

MARIE SIMONEAU and )
BARBARA SIMONEAU, )
    Plaintiffs )
                 )
                 )
                 )
                 )
v. )
                 )
STATE FARM MUTUAL )
AUTOMOBILE INSURANCE )
COMPANY, )
    Defendant )

**ORDER ON DEFENDANT'S
MOTION FOR
SUMMARY JUDGMENT**

STATE OF MAINE
Cumberland. ss. Clerk's Office

SEP 0 2 2015

RECEIVED

Defendant State Farm Automobile Insurance Company moved for summary judgment contending that Plaintiff was not covered under her mother's insurance policy because she did not "primarily reside" with her mother at 108 Shore Road in Lyman, Maine. For the reasons discussed below, the Court finds that there are no material issues of fact and that Defendant is entitled to summary judgment pursuant to Maine Rules of Civil Procedure 7 and 56 on all of the counts in Plaintiffs' Amended Complaint.

The facts establish that Plaintiff Marie Simoneau did not "primarily reside" with her mother, Barbara Simoneau, at 108 Shore Road in Lyman at the time of the accident.[1] Indeed, Marie Simoneau testified that she lived with her fiancé at 11 Powder Mill Drive in Kennebunk at the time. Therefore she was not insured under any of the policies the Defendant issued to her mother and cannot "stack" the UIM benefits from her own policy with the UIM benefits from one or more of her mother's policies. As a result, Plaintiff was insured to the same extent as the tortfeasor, Mr. Raymond Chappell ($100,000), and is not entitled to UIM benefits under her policy.

---

[1] For ease of reference, the Court refers to Marie Simoneau as the "Plaintiff" and Barbara Simoneau by her full name or as Plaintiff's mother.

1

## I.    Factual Background

Plaintiff was involved in an automobile accident while operating her 2005 Saab in Biddeford, Maine on March 15, 2011. (Def.'s S.M.F. ¶¶ 1, 2.) Plaintiff testified at her deposition that at the time of the accident she lived in a condominium at 11 Powder Mill Drive in Kennebunk, Maine. (Def.'s S.M.F. ¶ 3.) Plaintiff listed this address in her interrogatory answers and stated in her Amended Complaint that she is a resident of Kennebunk. (Def.'s S.M.F. ¶¶ 18, 17.) Plaintiff testified at her deposition that she has lived at this address since 2005. (Def.'s S.M.F. ¶ 7.) Before 2005, Plaintiff lived at her parents' residence at 108 Shore Road in Lyman, Maine. (Def.'s S.M.F. ¶ 8.) Plaintiff testified that she stayed at her parents' house "at least three" times between 2005 and the date of the accident because of disagreements with her fiancé, but then testified that she did not know how many times this occurred. (Def.'s S.M.F. ¶ 10.) She could not recall the last time she spent the night at her parents' house because of a disagreement with her fiancé. (Def.'s S.M.F. ¶ 14.) She would occasionally stay with her parents for other reasons, such as to spend time with her parents and go camping. (Def.'s S.M.F. ¶ 15.)

At the time of the accident, Plaintiff was insured under the following automobile insurance policy issued by Defendant:

| Policy Number | Vehicle Insured | Uninsured Motorist Coverage Limit | Maine Policy Form |
|---|---|---|---|
| 043 7578-A08-19B | 2005 Saab | $100,000 | 9819B |

(Def.'s S.M.F. ¶ 19; Ex. C.) Plaintiff's address on this policy is listed as 11 Powder Mill Drive. (Def.'s S.M.F. ¶ 20.) At the time of the accident, Plaintiff's mother,

2

Barbara Simoneau, was insured under four motor vehicle liability policies issued by

Defendant:

| Policy Number | Vehicle Insured | Uninsured Motorist Coverage Limit | Maine Policy Form |
|---|---|---|---|
| 056 1016-B17-19A | 1994 Chevrolet S10 | $100,000 | 9819B |
| 53 8983-D02-19 | 1986 GMC Safari | $100,000 | 9819A |
| 012 5408-E05-19H | 2000 Chevrolet S10 | $100,000 | 9819A |
| 55 2584-E03-19 | 1997 Geo Tracker | $100,000 | 9819A |

(Def.'s S.M.F. ¶¶ 21-24; Exs. D-G.) The policy of insurance for Barbara Simoneau's

1994 Chevrolet S10 utilizes Maine Policy Form 9819B, which defines "insured" as

follows:

*Insured* means:

1. you;

2. resident relatives;

3. any other person while occupying;

   a) your car;

   b) a newly acquired car; or

   c) a temporary substitute car.

   Such vehicle must be used within the scope of your consent. Such vehicle must be used within the scope of your consent. Such other person occupying a vehicle used to carry persons for a charge is not insured; and

4. Any person entitled to recover compensatory damages as a result of bodily injury to an insured as defined in 1., 2., or 3. above.

(Def.'s S.M.F. ¶ 25; Ex. C 15.)

Maine Policy Form 9819B defines "resident relative" as follows:

3

*Resident relative* means a person, other than you, who resides primarily with the first person shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or

2. a ward or a foster child of that named insured, his or her spouse, or a person described in 1. above.

(Def.'s S.M.F. ¶ 26; Ex. C 5.)

*Uninsured motor vehicle* means a land motor vehicle:

1. The ownership, maintenance, and use of which is:

   . . . .
   b. insured or bonded for bodily injury liability at the time of the accident; but

      1) the limits are less than required by the financial responsibility requirements of Maine; or . . . .

      3) the limits of liability are less than the limits you carry for uninsured motor vehicle coverage under this policy . . . .

(Def.'s S.M.F. ¶ 27; Ex. C 15.)

The policies of insurance for Barbara Simoneau's 1997 Geo Tracker, 1986 GMC Safari, and 2000 Chevrolet S10 utilize Maine Policy Form 9819A, which defines "insured" as follows:

Insured — means the person or persons covered by uninsured motor vehicle coverage. This is:

1. the first person named in the declarations;

2. his or her spouse;

3. their relatives; and

4. any other person while occupying;

4

a) your car, a temporary substitute car, a newly acquired car or a trailer attached to such a car. Such vehicle has to be used within the scope of the consent of you or your spouse; or

b) a car not owned by or leased to you, your spouse or any relative, or a trailer attached to such a car. It has to be driven by the first person named in the declarations or that person's spouse and within the scope of the owner's consent.

Such other person occupying a vehicle used to carry persons for a charge is not an insured.

5. any person entitled to recover damages because of bodily injury to an insured under 1 through 4 above.

(Def.'s S.M.F. ¶ 30; Ex. E 14.)

## II.   Discussion

### A. *Standard of Review*

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *McIlroy v. Gibson's Apple Orchard*, 2012 ME 59, ¶ 7, 43 A.3d 948 (quoting *N.E. Ins. Co. v. Young*, 2011 ME 89, ¶ 17, 26 A.3d 794). The evidence is to be viewed in the light most favorable to the non-moving party. *Farrington Owners' Ass'n v. Conway Lake Resorts*, 2005 ME 93, ¶ 9, 878 A.2d 504.

### B. *The "Resident Relative" Definition in Barbara Simoneau's Policy Bars Coverage for Plaintiff Marie Simoneau's Claim.*

As discussed above, Maine Policy Form 9198B defines an "uninsured motor vehicle" as a land motor vehicle that carries liability insurance with limits less than that required by Maine law or less than the limits Plaintiff has available to her under her

5

uninsured motorist (UIM) coverage. Maine law requires that UIM policies provide a minimum of coverage for bodily injury or death to any one person of $50,000. 24-A M.R.S.A. § 2902(2) (citing to 29-A M.R.S.A § 1605(1)). The insurance company of the tortfeasor, Mr. Raymond Chappell, paid Plaintiff the limits of Mr. Chappell's policy, which is $100,000. Because Mr. Chappell had coverage greater than $50,000, he is only an "uninsured motor vehicle" if his limits of liability are less than the limits that Plaintiff carries for UIM coverage under her own policy. 24-A M.R.S.A. § 2902(1). Mr. Chappell's liability limit is equal to Plaintiff's UIM limit, so he was not operating an "uninsured motor vehicle" as that term is defined in Plaintiff's policy, and Plaintiff is not entitled to UIM benefits.

Plaintiff therefore seeks to "stack" the UIM benefits under her own insurance policy with the UIM benefits of one or more of her mother, Barbara Simoneau's, automobile insurance policies. This would provide Plaintiff with $200,000 UIM coverage and would bring Mr. Chappell's vehicle within her insurance policy's definition of "uninsured motor vehicle."

Barbara Simoneau's policies provide UIM benefits for relatives who reside primarily with her. The critical fact, therefore, is whether Plaintiff primarily resided with her mother at the time of the accident. Plaintiff argues that the language "resides primarily" is ambiguous and could be interpreted to mean a person's original address. Plaintiff cites to Black's Law Dictionary, which defines "primary" as "first; principal; chief; leading or first in order of time or development or intention" and to the Merriam Webster dictionary, which defines "primary" as "first in order of time or development."

6

Under these definitions, Plaintiff argues that a jury could find that "primary" refers to her first (in order) residence, her family home in Lyman.

Plaintiff also relies on *Dechert v. Maine Insurance Guaranty Association* and *Cambridge Mutual Fire Insurance, Co. v. Vallee* to support its contention that "resides primarily" is ambiguous. In *Dechert*, plaintiff was an adult son of the named insured, his father, and had moved first into his parents' home and then into his father's trailer home. 1998 ME 127, ¶ 2, 711 A.2d 1290. The Law Court vacated the Superior Court's entry of summary judgment in favor of Maine Insurance Guaranty Association, holding that the issue of whether the plaintiff ceased to be a resident in the household when he moved into the trailer depended on a factual determination influenced by the plaintiff's intent, the nature of his tenancy, the belongings he kept with his parents, his practice in returning home, whether he retained a key, and the extent of the putative insured's financial dependency on his parents. *Id.* ¶ 9.

In *Vallee*, plaintiff was an adult son of the named insured and had moved into his parents' home for a period of approximately ten weeks. 687 A.2d 956, 957 (Me. 1996). He had been charged with assaulting his wife, and a condition of his bail prohibited him from returning to the home he shared with her. *Id.* The Law Court affirmed the Superior Court's entry of summary judgment for Vallee, finding that he was a resident of his parents' home because he kept his clothes there, returned there after work each day, and intended to live there until the charge against him was resolved. *Id.* Approximately ten weeks after he moved into his parents' home, the charge against him was dropped, and he moved back to the home he shared with his wife. *Id.*

7

Plaintiff further urges the Court to consider the jurors' social, religious, and cultural background in determining a person's primary residence. Plaintiff suggests that an evangelical Christian or Hasidic Jew might consider a daughter's primary residence to be the family home even though the daughter has moved in with her boyfriend, whereas a secular person might consider the daughter's primary residence to be with her boyfriend.

Defendant argues that the language "resides primarily" is not ambiguous and cites to the Merriam Webster dictionary, which defines "primarily" as "for the most part: chiefly" and "resides" as "to live in a particular place" or "to dwell permanently or continuously." Defendant distinguishes *Vallee* and *Dechert* on the ground that, in those cases, the issue was whether the relative seeking coverage was a "resident" of the named insured's household, whereas, here, the issue is whether Plaintiff "primarily" resided at the household. Also, unlike the insurers in those cases, Defendant has specifically defined the term "resident relative," therefore curing any ambiguity.

Here, the evidence is clear that Plaintiff is not covered under her mother's policy because she does not qualify as a "resident relative" as that term is defined in Maine Policy Form 9819B. In *Dechert* and *Vallee*, there was evidence that the putative insured lived with the named insured at or around the time of the incident giving rise to the claim. In this case, in contrast, Plaintiff referred to the condo at 11 Powder Mill Drive as the condo where she resided at the time of the accident. (Def.'s S.M.F. ¶ 3.) Plaintiff also stated in her Amended Complaint that she is a resident of Kennebunk and listed her address as 11 Powder Mill Drive in her interrogatory answers. (Def.'s S.M.F. ¶¶ 17, 18). The address listed on the declarations page for Plaintiff's policy is also 11 Powder Mill Drive. (Def.'s S.M.F. ¶ 20.) At her deposition, Plaintiff stated that she had stayed at her

8

mother's house at least three times between 2005 and the date of the accident, but stated she did not know how many times and could not recall the most recent time. (Def.'s S.M.F. ¶¶ 10, 14.) When she did stay at her mother's house, the duration of her stay was about one day and one night. (Def.'s S.M.F. ¶ 10.)

Plaintiff attempts to create a genuine issue of material fact by stating that she kept more belongings with her parents than at the condo in Kennebunk and that she did not own nor pay rent for the condo. (Pl.'s S.M.F. ¶¶ 1, 4.) Plaintiff also states that she and her fiancé merely "stay" at the condo and that she would see her parents as often as possible. (Pl.'s S.M.F. ¶¶ 2, 3.) However, Plaintiff does not assert that she resided, let alone primarily resided, with her mother. In conjunction with the facts above, the Court finds that Plaintiff did not "primarily reside" with her mother and is therefore not covered under any of her mother's insurance policies.

## III. Conclusion

For the reasons discussed above, the Court hereby ORDERS that Defendant's Motion for Summary Judgment is GRANTED. The Court further ORDERS that summary judgment is hereby ENTERED in favor of Defendant State Farm Mutual Automobile Insurance Company and against Plaintiff Marie Simoneau.

Pursuant to M.R. Civ. P. 79(a), the clerk is directed to incorporate this Order by reference in the docket.

Dated: September 2, 2015

Roland Cole, Justice
Maine Superior Court

9

MARIE SIMONEAU ET AL VS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

UTN:AOCSsr  -2013-0114779                    CASE #:PORSC-CV-2013-00547

--------------------------------------------------------------------

01 0000007194          PIERCE, KENNETH
   95 EXCHANGE ST PO BOX 7046 PORTLAND ME 04112-7046
   F     STATE FARM MUTUAL AUTOMOBILE INSURANCE C DEF        RTND    01/30/2014

02 0000002837          TEPLER, SHELDON J
   186 LISBON ST PO BOX 3065 LEWISTON ME 04243-3065
   F     MARIE SIMONEAU                           PL         RTND    12/20/2013
   F     BARBARA SIMONEAU                         PL         RTND    12/20/2013