MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2021 ME 54
Docket:        Cum-21-85
Argued:        October 6, 2021
Decided:       November 2, 2021

Panel:         STANFILL, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

PROGRESSIVE NORTHWEST INSURANCE COMPANY

v.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

JABAR, J.

[¶1]   Progressive Northwest Insurance Company appeals from a summary judgment entered by the Superior Court (Cumberland County, *Warren, J.*) in favor of Metropolitan Property and Casualty Insurance Company on Progressive's complaint seeking indemnification for a portion of a final settlement paid involving a mutually insured party, Vincent J. Micale Jr. Because the relevant part of Metropolitan's homeowner's insurance policy unambiguously did not cover injuries resulting from the use of rented watercraft equipped with water jet pump engines of over fifty horsepower, we affirm.

## I. BACKGROUND

[¶2]   The following facts, which are undisputed, are drawn from the parties' statements of material facts.  *See InfoBridge, LLC v. Chimani, Inc.*, 2020 ME 41, ¶ 2, 228 A.3d 721.

[¶3]   On June 18, 2017, Micale rented two jet skis, equipped with 125 horsepower water jet pump engines, from Jet Ski Guy, Inc. (JSG).  Two other individuals listed on Micale's rental agreement collided while operating the jet skis, severely injuring one of them.  At the time, Progressive provided a boat and personal watercraft liability insurance policy to Micale.[1]  Metropolitan provided homeowner insurance to Micale.

[¶4]   Micale's Metropolitan homeowner policy provided that it would "pay all sums for bodily injury and property damage to others for which the law holds [the holder] responsible because of an occurrence to which this coverage applies."  The policy excluded coverage for bodily injury or property damages arising from watercraft.  An exception to that exclusion, however, provided for coverage in some instances.  The exception provided:

---

[1] The specific terms of the Progressive policy are not at issue in this appeal.

Coverage is extended for bodily injury and property damage arising out of:

> a. any watercraft on the insured premises;
> b. any watercraft while stored;
> c. watercraft, owned or furnished or available for [the holder's] regular use:
>> 1) that is powered by one or more motors with 50 total horsepower or less. This includes watercraft propelled by a water jet pump engine or motor; or
>> 2) that is a sailing vessel 31 feet and under in length with or without auxiliary power;
> d. rented watercraft:
>> 1) powered by one or more outboard motors;
>> 2) with an inboard or inboard-outdrive motor with 50 horsepower or less. This includes watercraft propelled by a water jet pump engine or motor; or
>> 3) that is a sailing vessel 31 feet and under in length with or without auxiliary power; or
> e. watercraft not owned by [the holder], not rented to [the holder] nor furnished or available for [the holder's] regular use.

[¶5] After the collision, on November 20, 2017, JSG filed an amended complaint in the Superior Court (Cumberland County) alleging that Micale and others (including the injured individual) were negligent in the operation of the two jet skis, causing their destruction. On January 8, 2018, the injured individual filed a cross-claim against Micale, alleging that Micale's negligence caused the bodily injuries he sustained as a result of the accident.

[¶6] The parties eventually negotiated a settlement that included Progressive paying $300,000 to the injured individual on Micale's behalf.

4

Progressive demanded that Metropolitan pay half this amount, but Metropolitan asserted that it had no duty to indemnify Micale. After making the payment, Progressive brought a declaratory judgment action on July 1, 2019, seeking a declaration that Metropolitan had a duty to indemnify Micale for half the amount that Progressive paid to the injured individual on Micale's behalf.

[¶7] Progressive and Metropolitan filed dueling motions for summary judgment. On March 3, 2021, the Superior Court denied Progressive's motion and granted Metropolitan's motion. In its order, the Superior Court concluded that "the Metropolitan policy is not reasonably susceptible of different interpretations and . . . an ordinary person in the shoes of the insured would have understood that the 50 horsepower limitation applied to a watercraft with a water jet pump engine."

[¶8] The court entered final judgment in Metropolitan's favor on March 4, 2021. Progressive timely appealed. *See* 14 M.R.S. § 1851 (2021); M.R. App. P. 2A, 2B(c)(1).

## II. Discussion

### A. Interpretation of Insurance Contracts

[¶9] We review de novo a grant of summary judgment and the interpretation of an insurance policy. *Kelley v. N. E. Ins. Co.*, 2017 ME 166, ¶ 4, 168 A.3d 779. Where the material facts are not in dispute, "we limit our review to whether the prevailing party was entitled to judgment as a matter of law." *Id.*

[¶10] We interpret unambiguous language in an insurance policy according to its plain meaning but "construe ambiguous policy language strictly against the insurance company and liberally in favor of the policyholder." *Haskell v. State Farm Fire & Cas. Co.*, 2020 ME 88, ¶ 15, 236 A.3d 458 (quoting *Kelley*, 2017 ME 166, ¶ 5, 168 A.3d 779). An insurance policy must be examined as a whole to determine whether it is ambiguous. *Jipson v. Liberty Mut. Fire Ins. Co.*, 2008 ME 57, ¶ 10, 942 A.2d 1213; *Found. for Blood Rsch. v. St. Paul Marine & Fire Ins. Co.*, 1999 ME 87, ¶ 11, 730 A.2d 175. Policy language is ambiguous if it is reasonably susceptible to different interpretations. *Cambridge Mut. Fire Ins. Co. v. Vallee*, 687 A.2d 956, 957 (Me. 1996). However, a dispute over the meaning of a term, "or [the] inability of the insured to understand the policy,

6

does not render the contract ambiguous." *Colford v. Chubb Life Ins. Co. of Am.*, 687 A.2d 609, 614 (Me. 1996).

[¶11]  Courts determine as a matter of law whether the terms of an insurance contract are ambiguous. *Jipson*, 2008 ME 57, ¶ 6, 942 A.2d 1213; *Am. Protection Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 11, 814 A.2d 989.  The party arguing against coverage (the insurer) bears the burden of proving applicability of any policy exclusion.  *See Mut. Fire Ins. Co. v. Hancock*, 634 A.2d 1312, 1313 (Me. 1993).

**B.    Metropolitan's Policy**

[¶12]  Reading the policy as a whole, *see Found. for Blood Rsch.*, 1999 ME 87, ¶ 11, 730 A.2d 175, it is clear that in the list of circumstances in which coverage is provided, the fifty-horsepower limitation found in the first sentence of item d(2) applies to the next sentence, which states, in its entirety, "This includes watercraft propelled by a water jet pump engine or motor."  Item d(2) comprises solely these two sentences and is set apart from any other items in the list.  The unambiguous meaning of the section is that coverage is extended to rented watercraft with inboard and inboard-outdrive motors of fifty horsepower or less, and that the fifty-horsepower limitation applies to water jet pump engines.

[¶13] Because Metropolitan's policy is unambiguous, we interpret it by its plain meaning. *See Haskell*, 2020 ME 88, ¶ 15, 236 A.3d 458. The policy provides that losses arising out of watercraft are not covered. An exception extends coverage when the watercraft was rented and powered by an inboard or inboard-outdrive motor—which may include a water jet pump engine—with fifty horsepower or less. In this case, the engines on the rented jet skis exceeded the fifty-horsepower limitation, and therefore the exception to the exclusion does not apply. The Metropolitan policy does not cover the injuries, and thus Metropolitan has no duty to indemnify Micale for any portion of the settlement payment Progressive made to the injured individual on Micale's behalf.

[¶14] Because we conclude that Metropolitan's policy is unambiguous and by its plain meaning does not provide coverage for injuries arising out of the use of the watercraft involved in the accident, we affirm the judgment of the Superior Court.

The entry is:

Judgment affirmed.

8

Christopher C. Dinan, Esq. (orally), and Laura A. Maher, Esq., Monaghan Leahy, LLP, Portland, for appellant Progressive Northwestern Insurance Company

Jeffrey T. Edwards, Esq. (orally), and John J. Cronan III, Esq., Preti Flaherty Beliveau & Pachios, LLP, Portland, for appellee Metropolitan Property and Casualty Insurance Company

Cumberland County Superior Court docket number CV-2019-250
FOR CLERK REFERENCE ONLY