2012 ME 59

**James M. McILROY**

v.

**GIBSON'S APPLE ORCHARD.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 30, 2012.

Decided: May 1, 2012.

---

Sheldon J. Tepler, Esq., Hardy, Wolf & Downing, P.A., Lewiston, for appellant James McIlroy.

Susan B. Driscoll, Esq., Bergen & Parkinson, LLC, Kennebunk, for appellee Gibson's Apple Orchard.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1] James M. McIlroy appeals from the entry of a summary judgment in the Superior Court (Oxford County, *Clifford, J.*) in favor of defendant Gibson's Apple Orchard. The issue is whether the court erred when it concluded that a jury would have to engage in speculation to find that a roadside sign advertising Gibson's proximately caused McIlroy's motorcycle accident. We conclude that a jury could rationally find that the sign proximately caused the accident and we therefore vacate the judgment.

## I.  FACTS AND PROCEDURE

[¶ 2] We present the facts in the light most favorable to McIlroy as the nonmoving party. *See Hilderbrand v. Wash. Cnty. Comm'rs*, 2011 ME 132, ¶ 7, 33 A.3d 425. McIlroy was seriously injured at the intersection of U.S. Route 2 and North Road in Bethel on October 13, 2007, when he lost control of his motorcycle as he was attempting to avoid a vehicle driven by former defendant Charlotte Small. McIlroy had the right-of-way at all times relevant to the accident. McIlroy's

motorcycle did not collide with Small's or any other vehicle. The issue is whether there is prima facie evidence that the location of the Gibson's sign at the intersection required Small to either pull into McIlroy's lane of traffic to see around the sign or maneuver her car in a way that made McIlroy believe she was pulling into his lane of traffic. Gibson's had placed the approximately eight-foot-square temporary wooden sandwich-style sign near the intersection for the apple-picking season. The parties do not dispute that the exact location of the sign on the day of the accident could not be determined. They also do not dispute that the Gibson's sign did not obstruct either McIlroy's view of Small or Small's view of McIlroy at the time of the accident.

[¶ 3] McIlroy presents two possible factual scenarios under which he argues a jury could rationally find that the Gibson's sign was a proximate cause of the accident. The first is based on his own deposition testimony and the deposition testimony of the drivers of three vehicles traveling east on Route 2, in the opposite direction from McIlroy. All three had stopped while the first of them waited to turn left onto North Road. McIlroy testified that he was heading west on Route 2, toward the intersection of Route 2 and North Road, on his motorcycle. Small was on North Road, and McIlroy could see her vehicle. McIlroy testified that as he approached the intersection, Small's car entered his lane of travel, which caused him to lose control of his motorcycle. McIlroy's account was consistent with those of the three drivers traveling in the opposite direction. Under this theory of the case, McIlroy asserts that the Gibson's sign was a proximate cause because its size and location required Small to move her vehicle into the intersection for an unobstructed view of the traffic.

[¶ 4] McIlroy's alternate factual scenario is based on Small's testimony, which contradicts McIlroy's as to whether her vehicle entered the intersection. Small testified that she made three stops on North Road as she approached the intersection. Her first stop was at a stop sign located forty-seven feet back from the intersection. She then proceeded toward the intersection and stopped a second time because her view was obscured by the Gibson's sign and bends in the road. Directly ahead of her she noticed the driver traveling east on Route 2 who was stopped at the intersection waiting to turn left onto North Road. That driver signaled Small to advance. She moved her vehicle forward approximately four feet in order to get beyond the sign and stopped a third time. This final stop gave her an unobstructed view of the traffic on Route 2 approaching from her left. She planned to turn left to head east on Route 2, but her vehicle was still on North Road and did not enter the intersection. From that location, while stationary, she could see McIlroy approaching the intersection from a distance, sitting upright on the motorcycle. She then observed the accident. Small had an adult passenger whose deposition testimony was consistent with Small's in that once they got beyond the sign they could see McIlroy coming from a distance. Small thought that the Gibson's sign was a factor that contributed to the accident. Under this theory of the case, McIlroy asserts that the Gibson's sign was a proximate cause because its size and location required Small to maneuver her vehicle around it while she was still on North Road. The movements of Small's vehicle caused McIlroy to believe it was about to pull out in front of him, which in turn caused him to lose control of his motorcycle.

[¶ 5] Small's expert testified that regardless of whether Small proceeded into

the intersection, her actions caused McIlroy to react. The expert testified that due to the lack of information about the location of the sign, he could not determine whether the sign contributed to the accident. Rather, the expert's opinion was based on McIlroy's testimony about his reaction to the movements of Small's vehicle.

[¶ 6] McIlroy filed his complaint against Small in July 2008, and later amended it to also name Gibson's and others who are no longer parties to this action for reasons unrelated to this appeal. In October 2010, the court entered a summary judgment in favor of Gibson's. The court later entered a stipulation of dismissal with prejudice of all claims against Small. The court entered a final judgment, and McIlroy filed a timely appeal.

## II. DISCUSSION

[¶ 7] We review a ruling on a summary judgment "de novo to determine whether the properly presented evidence, viewed in the light most favorable to the party against whom judgment was entered, demonstrates that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Wells Fargo Bank, NA v. deBree*, 2012 ME 34, ¶ 7, 38 A.3d 1257 (quotation marks and alteration omitted). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *North East Ins. Co. v. Young*, 2011 ME 89, ¶ 17, 26 A.3d 794 (quotation marks omitted).

[¶ 8] McIlroy's claim is that Gibson's negligently placed the sign at the intersection. A negligence action has four elements: a duty owed, a breach of that duty, an injury, and a finding that the breach of duty was a proximate cause of the injury. *See Davis v. Dionne*, 2011 ME 90, ¶ 8, 26 A.3d 801. Gibson's motion challenges only the element of proximate cause. We therefore restrict our focus to the issue of causation. "Causation means that there [is] some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered." *Walter v. Wal–Mart Stores, Inc.*, 2000 ME 63, ¶ 17, 748 A.2d 961 (quotation marks omitted).

> Proximate cause is that cause which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the result would not have occurred. In light of this definition, we have stated that a negligent act is the proximate cause of an injury only if the actor's conduct is a substantial factor in bringing about the harm.

*Webb v. Haas*, 1999 ME 74, ¶ 20, 728 A.2d 1261 (quotation marks and citations omitted). "The question of causation is generally one of fact to be determined by the fact-finder, and a judgment as a matter of law is improper if any reasonable view of the evidence could sustain a finding of proximate cause." *Dyer v. Me. Drilling & Blasting, Inc.*, 2009 ME 126, ¶ 32, 984 A.2d 210 (quotation marks omitted). However,

> if the evidence produced by the plaintiff in opposition to a motion for summary judgment would, if produced at trial, entitle the defendant to a judgment as a matter of law, the defendant is entitled to a summary judgment. A defendant is entitled to a summary judgment if there is so little evidence tending to show that the defendant's acts or omissions were the proximate cause of the plaintiff's injuries that the jury would have to engage in conjecture or speculation in order to return a verdict for the plaintiff. The mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjec-

ture, or even if the probabilities are evenly balanced, a defendant is entitled to a judgment.

*Houde v. Millett,* 2001 ME 183, ¶ 11, 787 A.2d 757 (quotation marks and citations omitted).

[¶ 9] The court erred when it granted a summary judgment in favor of Gibson's after concluding that there was no evidence that the location of the Gibson's sign required Small to pull out into the intersection to get around any view obstruction. Although there is no evidence of the exact location of the sign, that evidence would not be necessary for a rational jury to make a finding of causation. A jury could find that the sign was close to the intersection, based on Small's testimony that she proceeded about four feet from her second stop, where the sign still obstructed her view, to her third and final stop before the intersection, where her view was unobstructed. If the jury found that the sign was close to the intersection, it could also find that Small either needed to advance some distance into the intersection to clear the sign, or she needed to stop and then advance again just short of entering the intersection in a way that made McIlroy believe she was headed into the intersection. This is an issue of fact to be determined by the fact-finder, and therefore the court erred in granting a summary judgment. *See Dyer,* 2009 ME 126, ¶ 32, 984 A.2d 210.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.