STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGGIN, ss                                 CIVIL ACTION
                        RECEIVED & FILED          AUBSC-CV-14-45

KATHY RAITHEL,              **JUN 0 3 2015**

        Plaintiff           ANDROSCOGGIN
                            SUPERIOR COURT

v.                                               ORDER ON MOTION FOR
                                                 SUMMARY JUDGMENT
SADDLEBACK, INC.

        Defendant

Before the court is defendant Saddleback, Inc.'s motion for summary
judgment. Plaintiff Kathy Raithel's complaint alleges two counts, including one
count of negligence and one count of premises liability against the defendant ski
resort. She alleges that she suffered injuries as a result of the defendant's failure
to properly supervise the chairlift loading area and stop the chairlift in a timely
manner. Saddleback has moved for summary judgment on the grounds that
Raithel's claim requires expert testimony to establish the standard of care, and
Raithel has failed to designate an expert in this case. For the following reasons,
defendant's motion is granted in part and denied in part.

## FACTS

The following facts are presented in a light most favorable to plaintiff as
the non-moving party. Raithel was skiing at Saddleback ski resort on March 23,
2013. (Def.'s Supp. S.M.F. ¶ 1.) She suffered injuries when she entered the skier
loading area of the Kennebago quad chairlift and was struck by a moving chair.
(Def.'s Supp. S.M.F. ¶ 2.) Raithel prematurely skied across the "wait here" line
when there were already skiers standing at the "load here" line where skiers
board the chairlift. (Def.'s Supp. S.M.F. ¶¶ 2, 6.) At the time of the accident, two

Saddleback employees were standing next to the "load here" line to help skiers onto the chairs. (Def.'s Supp. S.M.F. ¶ 7.) One of the lift operators shouted at Raithel to stop and back up when she entered the loading area. (Def.'s Supp. S.M.F. ¶ 8.) Raithel did not see the chair until she entered the loading area and was struck by the chair. Music was playing through external speakers at the Kennebago lift at the time of the accident. (Pl.'s Add. S.M.F. ¶¶ 18, 42.)

Normally on weekends at Saddleback there is a lift attendant at the "wait here" line to ensure that skiers do not move into the loading area until it is their turn to board a chair. (Pl.'s Add. S.M.F. ¶¶ 1-2.) At the time of the accident, however, the lift attendant assigned to the "wait here" line was eating lunch inside the lift shack. (Pl.'s Add. S.M.F. ¶¶ 3-4.) Saddleback's Mountain Manager James Quimby admitted that one reason Saddleback has an employee working the "wait here" line is that occasionally skiers prematurely ski past the line. (Pl.'s Add. S.M.F. ¶ 39.)

Raithel alleges that Saddleback should have had an attendant working at the "wait here" line, that the attendants in the load zone were distracted by the music playing through external speakers, and that the employees failed to timely turn off the lift after she was struck. Raithel filed her complaint on March 19, 2014. Saddleback moved for summary judgment on January 7, 2015.

### DISCUSSION

1. Summary Judgment Standard

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dussault v. RRE Coach Lantern Holdings, LLC*, 2014 ME 8, ¶ 12, 86 A.3d 52 (quoting *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646). "A

2

material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *McIlroy v. Gibson's Apple Orchard*, 2012 ME 59, ¶ 7, 43 A.3d 948 (quoting *N. E. Ins. Co. v. Young*, 2011 ME 89, ¶ 17, 26 A.3d 794). "Even when one party's version of the facts appears more credible and persuasive to the court, any genuine factual dispute must be resolved through fact-finding, regardless of the nonmoving party's likelihood of success." *Lewis v. Concord Gen. Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. If facts are undisputed but nevertheless capable of supporting conflicting, plausible inferences, "the choice between those inferences is not for the court on summary judgment." *Id.*

2. Necessity of Expert Testimony

Saddleback argues that Raithel's failure to designate an expert witness is fatal to her claim because, without an expert, she cannot establish the standard of care for a lift operator. "Where a court imposes a duty in a negligence case, that duty is to conform to the legal standard of reasonable conduct in the light of the apparent risk." *Reid v. Town of Mount Vernon*, 2007 ME 125, ¶ 15, 932 A.2d 539 (internal quotation omitted). "Although deviation from the standard of care must ordinarily be established by expert testimony, an exception will lie where the trier of fact can readily determine without expert assistance whether the defendant's conduct departed from the standard of care." *Dep't of Human Servs. v. Earle*, 481 A.2d 175, 179 (Me. 1984). The parties cannot identify any Maine authority that governs this issue.

Courts from other jurisdictions have concluded "that in negligence cases against ski resorts and related industries with specialized equipment and operations, expert testimony is required because an average person would not

3

have knowledge of standards of care in those industries and thus would be forced to speculate about how a reasonable [ski resort operator] would act." *Callister v. Snowbird Corp.*, 337 P.3d 1044, 1050 (Ct. App. UT 2014) (internal quotation omitted). These cases, however, primarily concern the mechanical operation of a ski lift. *See also Cowan v. Tyrolean Ski Area, Inc.*, 506 A.2d 690, 693 (N.H. 1985) ("[T]he mechanics of ski lifts are outside common experience, and jurors would need the benefit of expert testimony before they could reasonably eliminate all probable causal negligence but that of the defendant-operator."); *see also Willink v. Boyne, USA, Inc.*, 987 F. Supp. 2d 1082, 1084 (D. Mont. 2013) ("Whether or not a chairlift complies with current standards . . . in terms of construction and operation is not readily ascertainable to a lay person.").

Raithel's claim that Saddleback should have had another employee monitoring the "wait here" line at the lift does not involve any scientific or technical knowledge. Expert testimony will likely not be required on this issue. *See O'Brien v. Ski Sundown, Inc.*, 2002 WL 31304179, at *1 (Conn. Super. Ct. 2002). Saddleback may renew its motion for judgment as a matter of law at trial if Raithel fails to introduce sufficient evidence regarding the standard of care.

Raithel's claim that the lift operators failed to timely shut down the lift, however, does require technical knowledge. That claim goes to the operation of the lift itself, which involves knowledge beyond that of an ordinary juror. For example, the lift may require time to come to a complete stop after a lift attendant presses the button, in which case it would not have been possible to prevent the chair from colliding with Raithel. Without expert testimony explaining how the lift actually operates, Raithel will not be able to prove the lift

4

operators acted negligently. Accordingly, defendant's motion is granted with respect to that allegation only.

The entry is:

> Defendant's motion for summary judgment is granted as follows: plaintiff is precluded from arguing that defendant negligently failed to shut down or otherwise operate the lift. Defendant's motion is otherwise denied.

Date: ___6/3/15___          _____
                            MaryGay Kennedy
                            Justice/Superior Court

RACHEL RANDALL - PLAINTIFF

Attorney for: RACHEL RANDALL
GUY D LORANGER - RETAINED
LAW OFFICE OF GUY D LORANGER
ONE GRANNY SMITH COURT SUITE 3
OLD ORCHARD BEACH ME 04064


vs
CENTRAL MAINE MEDICAL CENTER - DEFENDANT

Attorney for: CENTRAL MAINE MEDICAL CENTER
MICHAEL POULIN - RETAINED 01/28/2014
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
AUBURN ME 04210

Attorney for: CENTRAL MAINE MEDICAL CENTER
AMY DIETERICH - RETAINED 01/08/2015
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
AUBURN ME 04210

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2014-00002


DOCKET RECORD

Filing Document: COMPLAINT                    Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 01/03/2014

## Docket Events:

01/03/2014 FILING DOCUMENT - COMPLAINT FILED ON 01/03/2014

01/03/2014 Party(s):  RACHEL RANDALL
           ATTORNEY - RETAINED ENTERED ON 01/03/2014
           Plaintiff's Attorney: GUY D LORANGER

01/27/2014 Party(s):  CENTRAL MAINE MEDICAL CENTER
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 01/06/2014
           MICHAEL POULIN OBO CENTRAL MAINE MEDICAL CENTER

01/27/2014 Party(s):  CENTRAL MAINE MEDICAL CENTER
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 01/27/2014

01/28/2014 Party(s):  CENTRAL MAINE MEDICAL CENTER
           RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 01/28/2014

01/28/2014 Party(s):  CENTRAL MAINE MEDICAL CENTER
           ATTORNEY - RETAINED ENTERED ON 01/28/2014
           Defendant's Attorney: MICHAEL POULIN

01/28/2014 ORDER - SCHEDULING ORDER ENTERED ON 01/28/2014
           MARYGAY  KENNEDY , JUDGE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

01/28/2014 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 09/28/2014