STATE OF MAINE YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-34
AP

SACO AVENUE RENTALS, LLC,

Plaintiff,

v.

**ORDER**

TOWN OF OLD ORCHARD BEACH et al.,

Defendants.

## I.    Background

### A. Procedural Posture

This case concerns proposed construction at a condominium complex in Old Orchard Beach. Plaintiffs bring this Rule 80B appeal together with several independent claims. Plaintiff has moved for summary judgment on Count III, which requests a declaratory judgment that the defendants' development rights have expired pursuant to the terms of the condominium declaration.

### B. Preliminary Findings

Before addressing the substance of the motion, the Court makes the following preliminary findings:

1.    Venue was properly laid in this matter;

2.    The parties to the action, all of whom were given notice of proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure, entered in this matter, together with counsel, have appeared as follows:

1

Plaintiff:

Saco Avenue Rentals, LLC      Counsel: David C. Pierson
155 Saco Avenue      Eaton Peabody
Old Orchard Beach, ME      P.O. Box 15235
One Portland Square, 7th Floor
Portland, ME 04112

Defendants:

Town of Old Orchard Beach      Counsel: Robert Crawford
One Portland Street      N. Joel Moser
Old Orchard Beach, ME 04064      Bernstein Shur
164 Capitol Street
Augusta, ME 04330-5057
and
John J. Wall III
Monaghan Leahy
P.O. Box 7046
95 Exchange Street
Portland, ME 04112-7046

King Weinstein d/b/a KRE Realty      Counsel: David Hirshon
and/or KRE Construction      Hirshon Law Group, P.C.
198 Saco Avenue      208 Fore Street
Old Orchard Beach, ME 04064      Portland, ME 04101

New Heritage Builders, Inc.      Counsel: David Hirshon
198 Saco Avenue      Hirshon Law Group, P.C.
Old Orchard Beach, ME 04064      208 Fore Street
Portland, ME 04101

Saco Avenue Professional      Counsel: David Hirshon
Building, Inc.      Hirshon Law Group, P.C.
198 Saco Avenue      208 Fore Street
Old Orchard Beach, ME 04064      Portland, ME 04101

Saland Development, Inc. f/k/a      Counsel: David Hirshon
KRE Properties, Inc.      Hirshon Law Group, P.C.
P.O. Box 1179      208 Fore Street
Saco, ME 04072      Portland, ME 04101

3.    The Property at issue is a portion of the common elements of 155 Saco Avenue Condominium in Old Orchard Beach, Maine more specifically described in the Declaration of Condominium to be entitled "155 Saco Avenue Condominium" recorded in the York County Registry of Deeds in Book 483, Page 092 on September 13, 1988.

4.    That the Property is currently owned as follows:

a.    New Heritage Builders, Inc. owns Units A-1, A-2 and B-1 of the 155 Saco Avenue Condominium and is a tenant in common with respect to the common elements.

b.    Saco Avenue Rentals, LLC owns Units B-2, C-1 and C-2 of the 155 Saco Avenue Condominium and is a tenant in common with respect to the common elements.

### C. Facts

Plaintiff Saco Avenue Rentals, LLC ("Saco Avenue"), is a limited liability company organized under the laws of Maine. Saco Avenue owns units B-2, C-1 and C-2 in the 155 Saco Avenue Condominium. Defendant King Weinstein is an officer, director, or shareholder of Defendants Saco Avenue Professional Building, Inc., New Heritage Building, Inc., and served as Vice President of Defendant KRE Properties, Inc.

The 155 Saco Avenue Condominium was created with the recording of a declaration ("the Declaration") on September 13, 1988, recorded in the York County Registry of Deeds at Book 483, Page 92. The Declaration was amended and recorded on August 30, 1989. A relevant

3

provision of the Declaration states:

> The Declarant hereby designates as Convertible Real Estate all of the property described in Schedule A, the Plats and Plans upon which Units have not yet been created. Declarant reserves the Development Right and option until the seventh (7th) anniversary date of the recording of this Declaration to create and construct from time to time additional Units, Common Elements, Limited Common Elements, or any two or more of the foregoing, and to create and construct any buildings and improvements to contain the additional Units, Common Elements, and Limited Common Elements, on any or all of the portions of the Convertible Real Estate described in Schedule A, the Plats and Plans, in compliance with Section 1602-110 of the ACT and this Declaration.

Saco Avenue acquired title to units B-2, C-1, and C-2 by a deed from Richard and Joanne Cotois dated June 14, 2013. Units A-1, A-2, and B-1 passed from a number of entities. After foreclosing units A-1, A-2, and B-1, Maine National Bank transferred the units to Richmond Holdings, Corp. by deed on May 21, 1991. Richmond Holdings, Corp. transferred the units to KRE Properties, Inc. by a deed dated May 27, 1993. Both the deed to Richmond and to KRE included "development rights and special declarant rights" in the conveyance. KRE Realty, Inc. transferred the units to Saco Avenue Professional Building, Inc. by deed dated July 15, 1997. Saco Avenue Professional Building, Inc. transferred the units to New Heritage Builders, Inc. by deed dated August 14, 1997. Neither the deed to Saco Avenue nor to New Heritage specifically mentioned "development rights" or "special declarant rights." Corrective deeds later granted to Saco Avenue in December 2014 and New Heritage in January 2015 purported to transfer "the special declarant rights and the development rights."[1]

On January 2, 2014, the Town of Old Orchard Beach issued a building permit to KRE Realty for the construction of an approximately 10,000 square foot building on the condominium's common elements. (Def.'s Ex. B-1.)

---

[1] While the Plaintiff's motion for summary judgment initially asserted the corrective deeds were ineffective for failure to accept the rights, Plaintiff now concedes in reply that the second corrective deeds remedied the defect. As a result, the only issue raised by the Plaintiff's motion is whether the development rights expired.

## II.    Discussion

### A.  Summary Judgment Standard

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dussault v. RRE Coach Lantern Holdings, LLC,* 2014 ME 8, ¶ 12, 86 A.3d 52 (citation omitted). "A material fact is one that can affect the outcome." *McIlroy v. Gibson's Apple Orchard,* 2012 ME 59, 7, 43 A.3d 948 (citation omitted).

A condominium declaration is construed like a contract; as in contract law, interpreting the declaration presents a question of law. *Farrington's Owners' Ass 'n v. Conway Lake Resorts, Inc.,* 2005 ME 93, ¶ 10, 878 A.2d 504 (citations omitted).   An ambiguous declaration, however, presents a question of fact. *Id.*   A declaration is ambiguous if "reasonably susceptible to different interpretations," but in order to give force and effect to all provisions, the court avoids interpretations that would render any provision in the contract meaningless. *Id.*

### B.    The Declaration Unambiguously Limits Development Rights to a Period of Seven Years After Recording.

As set forth above in the facts, the relevant provision relied on by the Plaintiffs in Count HI states in relevant part "Declarant reserves the Development Right and option until the seventh (7th) anniversary date of the recording of this Declaration to create and construct from time to time additional Units, Common Elements, Limited Common Elements." The Declaration was recorded in 1988 and amended in 1989. There have been no other amendments that purported to extend the seven-year period to exercise development rights. The Plaintiffs argue development rights expired in 1995—the seven year anniversary set forth in the Declaration.

5

Defendants try to place the seven-year anniversary provision in context by emphasizing the last part of the Section 5.1 of the Declaration, which states development rights may be exercised "without the consent of any Unit Owner or Mortgagee and to create and construct from time to time additional Units . . . " and the following:

> The Declarant reserves the right to create and construct Units on any or all portions of the Convertible Real Estate any time, at different times, in any order, without limitation and without any requirement that any other Development Right reserved by the Declarant be exercised at any time.

According to the Defendants, interpreting the declaration to terminate development rights after seven years would contradict the "sweeping language" above that reserved development rights "without limitation . . . at any time." (Defs.' Opp. Summ. J. 5.) Defendants argue that there is no such limitation, or at a minimum, the declaration is ambiguous and cannot be construed against them on summary judgment.

A time limit on exercising development rights is expressly contemplated by the Maine Condominium Act. The Act states that a declaration of condominium may contain "[a] description of any development rights and other special declarant rights, section 1601-103, paragraph (25), reserved by the declarant, together with a legally sufficient description of the real estate to which each of those rights applies, and a time limit within which each of those rights must be exercised." 33 M.R.S. § 1602-105(A)(8).   This court has held that a declaration that omitted an expiration date for development rights was not void. *See Seagull Condo. Ass'n v. First Coast Realty & Dev.,* 2011 Me. Super. LEXIS 117, *11 (Me. Super. Ct. July 19, 2011) *(Brennan,* J.) (noting omission of "must" from Condominium Act to mean the Legislature did not intend to require time limit to exercise development rights in a declaration).

Defendants rely on *Seagull Condominium Association* for the proposition that the

6

development rights in the Declaration could be exercised at any time. In the absence of an express time limit, this interpretation would have merit. But *Seagull Condominium Association* is not helpful for the Defendants because unlike in that case, the Declaration here has an express time limit. The Declaration clearly states that the declarant has the right to construct additional units "until the seventh (7th) anniversary date of the recording of this Declaration." To follow Defendants' interpretation would effectively read this provision out of the Declaration. If development rights could be exercised at any time into the future indefinitely, a seven-year time limit would be meaningless. *Farrington's Owners' Ass 'n,* 2005 ME 93, ¶ 10, 878 A.2d 504 ("Generally, though, canons of construction require that a contract be construed to give force and effect to all of its provisions, and we will avoid an interpretation that renders meaningless any particular provision in the contract."). There is no ambiguity because the "without limitation" language can be reconciled with the seven-year provision—development rights may be exercised without limitation at any time *within seven years* after the Declaration is recorded.

### III.  Conclusion

The unambiguous language of the Declaration states that development rights expired seven years after the Declaration was recorded. Because there is no material factual dispute and no ambiguity in the Declaration, the Plaintiff is entitled to summary judgment on Count

**The entry shall be:**

The Plaintiff s motion for summary judgment as to Count III is hereby GRANTED. The development rights automatically expired pursuant to the clear terms of the Declaration.

SO ORDERED

DATE: _7/29/15_

John O'Neil, Jr.
Justice, Superior Court

7

AP-14-034

ATTORNEY FOR PLAINTIFF:
DAVID PIERSON
EATON PEABODY
P·O BOX 15235
PORTLAND ME  04112


ATTORNEYS FOR DEFENDANT TOWN OF OLD ORCHARD BEACH:
ROBERT J CRAWFORD
BERNSTEIN SHUR
164 CAPITOL STREET
AUGUSTA ME  04330

JOHN J WALL III
MONAGHAN LEAHY
P O BOX 7046
95 EXCHANGE STREET
PORTLAND ME  04112

ATTORNEYS FOR DEFENDANTS KING WEINSTEIN D/B/A KRE REALTY
AND/OR KRE CONSTRUCTION, NEW HERITAGE BUILDERS, INC, SACO
AVENUE PROFESSIONAL BUILDING, INC. AND SALAND DEVELOPMENT,
INC. F/K/A KRE PROPERTIES, INC:
DAVID HIRSHON
MARSHALL J TINKLE
HIRSHON LAW GROUP PC
208 FORE STREET
PORTLAND ME  04101