STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-16-132 ✓

BANK OF AMERICA,

Plaintiff

v.

MORTGAGE LENDERS
NETWORK USA,

Defendant

STATE OF MAINE
Cumberland Clerk's Office

FEB 03 20

RECEIVED

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

Before the court is plaintiff Bank of America's unopposed motion for summary judgment on its amended complaint for declaratory judgment, quiet title, and equitable relief. For the following reasons, the motion is denied.

FACTS

On January 26, 2004, Robert and Ann-Charlott Deutsch executed and delivered a note to The Mortgage Office. (Supp.'g S.M.F. ¶¶ 9, 11.) The note was secured by a mortgage on real property located at 27 Bartol Island Road in Freeport. (Id. ¶¶ 9-11.) On January 26, 2004, The Mortgage Office assigned the mortgage to defendant. (Id. ¶¶ 14-15.) Plaintiff has provided an undated allonge purporting to endorse the note from The Mortgage Office to defendant. (Id. ¶ 12.) The note itself reflects a series of endorsements, including an endorsement from defendant to Countrywide Home Loans, Inc. and an endorsement in blank from Countrywide. (Id.)

Plaintiff filed a complaint on April 25, 2016. In the complaint, plaintiff sought one count of equitable assignment and discharge of mortgage. Defendant did not answer the complaint and, on May 26, 2016, plaintiff requested an entry of default and moved for a default judgment. On June 22, 2016, the court denied plaintiff's request for a default on the ground that plaintiff had

1

not properly effected service on defendant. The court denied plaintiff's motion for a default judgment on the grounds that plaintiff had not joined the Deutsches as parties and the record did not include the note, any evidence that plaintiff is the holder of the note and owner of the mortgage, or any evidence that the Deutsches had paid the note and mortgage in full. (6/22/16 Order 2-4.)

Plaintiff filed an amended complaint on September 27, 2016. In the amended complaint, plaintiff sought: count I, declaratory relief; count II, quiet title; and count III, equitable relief. Defendant's registered agent was served with the amended complaint on October 13, 2016. Defendant has not filed an answer. Plaintiff filed a motion for summary judgment on November 14, 2016. Defendant has not opposed the motion.

DISCUSSION

1. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . show that there is no genuine issue as to any material fact." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." McIlroy v. Gibson's Apple Orchard, 2012 ME 59, ¶ 7, 43 A.3d 948 (citation omitted). Summary judgment rules are enforced strictly in matters involving mortgage foreclosure. JPMorgan Chase Bank v. Harp, 2011 ME 5, ¶ 15, 10 A.3d 718.

2. Motion for Summary Judgment

    a. Count I, Declaratory Judgment

Plaintiff seeks a declaration that defendant holds the mortgage in trust for the benefit of plaintiff. (Pl.'s Mot. Summ. J. 8-25.)[1] Maine's Declaratory Judgments Act empowers the court to "declare rights, status and other legal relations" when doing so will "terminate the controversy or remove an uncertainty." 14 M.R.S. §§ 5953, 5957 (2016). First, it is unclear whether there is a controversy "between the litigants." Berry v. Daigle, 322 A.2d 320, 325 (Me. 1974).

Second, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding." 14 M.R.S. § 5963 (2016). As the court explained in its order denying plaintiff's motion for a default judgment, the Deutsches are necessary parties because a ruling on the merits could prejudice their rights. (6/22/16 Order 3-4.) Plaintiff has not added the Deutsches as parties and instead maintains the Deutsches are not necessary parties because the Deutsches' payments are due to the note holder, and the declaration plaintiff seeks would affect only ownership of the mortgage. (Pl.'s Mot. Summ. J. 2.) As the mortgagors, the Deutsches have an interest in whether plaintiff owns the mortgage. See Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶ 9, 96 A.3d 700 (mortgage ownership and status as note holder give mortgagee standing to foreclose). If the Deutsches have sold the property, the current owners also are necessary parties and must be joined. (Supp.'g S.M.F. ¶ 9 n.2); Bank of Am., N.A. v. Metro Mortg. Co., 2015 Me. Super. LEXIS 14, at *3 (Jan. 29, 2015).

Finally, a declaratory judgment as to whether plaintiff owns the mortgage would not necessarily remove any uncertainty as to ownership. If the court were to determine that plaintiff

---

[1] Plaintiff's 31-page motion exceeds the 20-page limit for motions for summary judgment. M.R. Civ. P. 7(f).

3

does not own the mortgage, The Mortgage Office and defendant, if it is still in business, would remain free to litigate ownership of the mortgage. See 14 M.R.S. § 5958 (2016); U.S. Bank, N.A. v. Decision One Mortg. Co., 2016 Me. Super. LEXIS 227, at *4 (Nov. 21, 2016).

### b. Count II, Quiet Title

A quiet title action is not an appropriate cause of action for the relief plaintiff seeks. See 14 M.R.S. § 6651 (2016) (authorizing a "person in possession" of real property or a "person who has conveyed such property" to bring quiet title action); U.S. Bank, N.A. v. Decision One Mortg. Co., 2016 Me. Super. LEXIS 173, at *6 (July 26, 2016) ("Quiet title actions are vehicles to confirm legal title to real estate, not to adjudicate ownership interests in a mortgage, which secures the right to payment under the note instrument.").

### c. Count III, Equitable Relief

Plaintiff argues that the court should grant equitable relief because defendant intended to assign its interest to plaintiff. (Pl.'s Mot. Summ. J. 28-31.) Plaintiff relies only on the affidavits of its attorneys as evidence of the intent of defendant and The Mortgage Office. (Supp.'g S.M.F. ¶¶ 21-25, 32-33, 35.) Plaintiff's attorneys do not have personal knowledge of the intent of these entities. See M.R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

### CONCLUSION

A declaratory judgment is not appropriate because it is unclear whether there is a controversy between the litigants, plaintiff has not joined all necessary parties, and a declaratory judgment would not necessarily remove any uncertainty as to ownership. A quiet title action is

4

not appropriate for adjudicating ownership of a mortgage. Equitable relief is not available because plaintiff relies on inadmissible evidence.

The entry is

Plaintiff's Motion for Summary Judgment is DENIED.

Date: February 3, 2017

Nancy Mills
Justice, Superior Court

RE-16-132

5