STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        DOCKET NO. CV-14-39

RICKY LAFRANCE,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )          **ORDER**
STATE FARM FIRE AND CASUALTY       )
COMPANY,                           )
                                   )
            Defendant.             )

Pending before the Court is Defendant State Farm Fire and Casualty Company's Motion

for Judgment Notwithstanding the Verdict.

## I.    Background

This case arises from Plaintiff Ricky LaFrance's claim that Defendant State Farm

breached the parties' homeowner's insurance contract by denying his claim to recover damages

that resulted from a pipe bursting in his home.

Trial in this matter was held on May 21, 23, and 24, 2018. The Court denied Defendant's

motion for judgment as a matter of law at the close of all evidence. The jury returned a verdict

in favor of Plaintiff in the amount of $150,000 in direct damages and $50,000 in consequential

damages.

Defendant now moves the Court to enter judgment notwithstanding the verdict on the

question of consequential damages and to reduce the damages award to $150,000.

## II.    Discussion

### A.  Standard & State Farm's Argument

While State Farm's motion is styled as a motion for judgment notwithstanding the

verdict, it brings the motion under Maine Rule of Civil Procedure 50(b), which governs post-trial

1

motions for judgment as a matter of law. Defendant's motion is procedurally proper because State Farm moved for judgment as a matter of law at the close of all evidence. *See* M.R. Civ. P. 50(b).

"The party seeking a judgment after an adverse verdict has the burden of showing that the jury verdict was "'clearly and manifestly wrong.'" Harvey, 3 *Maine Civil Practice* § 50:4, at 124 (3d ed. 2011) (quoting *Young v. Libby*, 1999 ME 139, ¶ 7, 737 A.2d 1071. Judgment as a matter of law is appropriate "if the court determines that, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the party opposing the motion, a jury could not reasonably find for that party on an issue that under the substantive law is an essential element of the claim." M.R. Civ. P. 50(a).

State Farm argues it is entitled to judgment as a matter of law on the question of consequential damages because (i) consequential damages are not covered by the parties' insurance contract, (ii) LaFrance failed to prove the requisite element of bad faith to be entitled to consequential damages, and (iii) LaFrance failed to present sufficient evidence at trial to warrant an instruction on consequential damages.

## B. Recoverability of Consequential Damages for Breach of Contract

State Farm first contends the language of the insurance policy should govern the recoverability of consequential damages here. LaFrance does not dispute that consequential damages were not covered under the policy, but argues that consequential damages for breach of the policy are recoverable in addition to the moneys owed under the policy.

State Farm argues *Maine Farm Venison, Inc. v. Peerless Ins. Co.*, 2004 ME 80, 853 A.2d 767 is controlling, where the Law Court stated:

> Because we find that Maine Farms failed to establish any cause of action other than breach of contract, and because Peerless is not required to pay pursuant to the insurance

2

> contract until Maine Farms demonstrated that it was entitled to recover for a loss covered by the insurance contract, *Dolliver v. Granite State Fire Ins. Co.*, 111 Me. 275, 282-83, 89 A. 8, 12 (1913), damages must be limited to the contract damages set out in the policy of recovery of $ 250 for each of the 154 deer that the jury found to have been killed by lightning, or $ 38,500. Accordingly, we vacate the damages award and remand for judgment in favor of Maine Farms in the amount of $ 38,500.

*Id.* ¶ 20. Thus, according to State Farm, the only recoverable damages in a cause of action for breach of an insurance contract is the amount owed under the policy.

*Maine Farms* does not stand for the proposition for which State Farm advocates. There was no indication that the plaintiff requested consequential damages, or that any amount of the jury's award represented damages resulting as a consequence of the breach. Rather, the *Maine Farms* court simply ordered the reduction of damages to the amount owed under the parties' insurance contract when the plaintiff did not seek to recover consequential damages.

The weight of authority contravenes State Farms's assertion that consequential damages are not recoverable in a breach of contract action. "The principle that in case of breach of contract such consequential damages may be recovered as may fairly be presumed to have been in the contemplation of the parties at the time of making the contract, has been affirmed in this State." *Keeling-Easter Co. v. R.B. Dunning & Co.*, 113 Me. 34, 40, 92 A. 929 (Me. 1915).[1] Consequential damages are recoverable in an action for breach of contract to the extent they

---

[1] The rule derives from the seminal English case *Hadley v. Baxendale*, 9 Exch. 341, 156 Eng. Rep. 145 (1854). *See id.* The rule has been adopted by the ALI in the Restatement (Second) of Contracts:

> (1) Damages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made.
> (2) Loss may be foreseeable as a probable result of a breach because it follows from the breach
>     (a) in the ordinary course of events, or
>     (b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.
> (3) A court may limit damages for foreseeable loss by excluding recovery for loss of profits, by allowing recovery only for loss incurred in reliance, or otherwise if it concludes that in the circumstances justice so requires in order to avoid disproportionate compensation.

Restatement (Second) of Contracts § 351 (1981).

were foreseeable to the parties at the time of contracting and were not avoidable. *See Marchesseault v. Jackson*, 611 A.2d 95, 98 (Me. 1992) ("[s]ubject to the limitations of avoidability and unforeseeability, an injured party is entitled to recover for all loss actually suffered as a result of the breach.") (citing Restatement (Second) of Contracts § 347 comment c (1981)).

No Maine cases have addressed whether consequential damages from the breach of an insurance contract may exceed the limits of the policy. LaFrance notes that authorities from other jurisdictions have held that consequential damages for breach of an insurance contract, and apart from the amounts owed under the policy for which the non-payment was deemed to constitute a breach.[2] Moreover, Defendant advances no principled reason why a breach of an insurance contract should be treated differently form the breach of any other type of contract.

In short, nothing in Maine law, the law of other jurisdictions, or the Restatement limits recovery of consequential damages for breach of an insurance contract to those covered by the policy.

### C. Bad Faith

State Farm argues "bad faith" is an essential element to the recovery of compensatory damages for a breach of an insurance contract under *Marquis v. Farm Family Mutual Insurance*

---

[2] *See Swanny of Hugo, Inc. v. Integrity Mut. Ins. Co.* 2013 Minn. Dist. LEXIS 109, *15-*23 (denying insurer's motion for summary judgment with respect to plaintiff-restaurant owner's claim for consequential damages from lost profits and reduced value of business and holding that "[p]laintiffs will be allowed to seek those damages at trial provided they can prove to the jury that those damages resulted from the breach and were foreseeable at the time the policy was entered into.") (citing *Hadley v. Baxendale*); *Ricci v. Proprietors Ins. Co.*, 1981 Wisc. App. LEXIS 4118, at *2 ("[c]ontracts for insurance are to be judged by the same legal principles as any other contract. A cause of action for breach of contract arises when an insurer refuses to make payment under an insurance policy. Consequential damages may be recovered if such damages were proximately caused by or flowed naturally from the breach.") (citing *Hadley v. Baxendale*); *see also Rizka v. State Farm Fire & Cas. Co.*, 2014 U.S. Dist. LEXIS 92210, *26 (E.D. MI 2014) ("[a] plaintiff in a breach of contract action may recover those damages that arise naturally from the breach or are foreseeable and can *reasonably* be said to have been in contemplation of the parties at the time the contract was made.") (citations and quotation marks omitted) (emphasis in original).

4

*Company*, 628 A.2d 644 (Me. 1993). There, the Law Court held that there was sufficient evidence to support the jury's finding that the defendant-insurer breached its implied duty of good faith and fair dealing through its conduct that eventually resulted in its denial of the insured's claim. *Id.* at 648. In a separate part of the opinion, the Court held that there was sufficient evidence to support the jury's award of consequential damages. *Id.* at 650-51.

Contrary to State Farm's contention, the *Marquis* court did not hold that a showing of bad faith was a prerequisite to the recovery of consequential damages. Rather, it stands for the proposition that when a plaintiff proves that an insurer breached its insurance contract—whether the implied duty of good faith or otherwise—consequential damages are recoverable according to the general rule: "Subject to the limitations of avoidability and unforeseeability, an injured party is entitled to recover for all loss actually suffered as a result of the breach." *Marchesseault*, 611 A.2d at 98.

LaFrance cites an authority from another jurisdiction that addressed the same question and concluded bad faith need not be proven for consequential damages to be recoverable under an insurance contract. *See Ricci v. Proprietors Ins. Co.*, 1981 Wisc. App. LEXIS 4118, at *4 ("[a] showing of bad faith is not required in Wisconsin to recover consequential damages for the breach of an insurance contract.") Absent any controlling authority to the contrary, the Court is persuaded that "bad faith" is not a prerequisite to the recovery of consequential damages for breach of an insurance contract.

**D. Sufficiency of Evidence**

State Farm's final argument is that there was not sufficient evidence to warrant a jury instruction on the question of consequential damages.

**1. Lost Earnings**

5

"To recover for lost earnings . . . , the plaintiff must establish that the plaintiff would have earned the wages . . . but for the injury." Horton & McGehee, *Maine Civil Remedies* § 4-(c)(3) (citing *Decesere v. Thayer*, 468 A.2d 597, 599 (Me. 1983); *Lindsey v. Mitchell*, 544 A.2d 1298, 1301-02 (Me. 1988)).

LaFrance testified that after State Farm denied his claim, he could not afford to hire contractors to do the necessary work to get his home into a habitable condition. Plaintiff saw his income drop to approximately $5,000 in 2013, when he performed the repairs, from an average of approximately $48,000 per year over the previous three years. A number of other local contractors testified that they would have subcontracted work to Mr. LaFrance had he been working during that time.

This testimony, to which Defendant did not object, establishes a basis upon which the jury could have found that but for State Farm's failure to pay Mr. LaFrance's claim, he would have been able to work full-time and earn an additional $43,000 in 2013. Furthermore, the jury could have found that the necessity of foregoing work to get one's home in a habitable condition is a reasonably foreseeable consequence of breaching the policy.

### 2. Additional Consequential Damages

Mr. LaFrance testified that State Farm denied his claim in late January, 2013, the same time he had been planning to move into the house. State Farm informed the remediation team doing the "dry out" work in the home of the denial, causing the team to cease operations and leaving LaFrance to do the work himself.

His home being left uninhabitable, Lafrance entered into two short-term leases over the next six months costing $11,300 in total. After those six months, LaFrance purchased a camper to live in on his property ($2,500), and paid to have electricity hooked up to the camper ($2,450)

6

and a temporary bathroom constructed in the home ($4,768.86). Over the two years following the denial of his claim, LaFrance estimates he spent an additional $23,000 in additional expenses for food preparation and laundry.

While some or all of these living expenses may have been covered under the policy, the jury could just as easily have found they were a foreseeable consequence of the denial of the claim.

### 3. Validity of Award

"An award of damages will be disturbed only when it is plain that there is no rational basis upon which the amount of the award may be supported. . . . A rational basis for a finding exists if there is *any* competent evidence in the record to support it." *Smith v. Kennard*, 472 A.2d 434, 435 (Me. 1984) (citing *Harmon v. Emerson*, 425 A.2d 978 (Me. 1981); *Jamshidi v. Bowden*, 366 A.2d 522 (Me. 1976)) (emphasis in original). "The assessment of damages is the sole province of the jury, and the amount fixed must not be disturbed by the trial court unless it is apparent that the jury acted under some bias, prejudice or improper influence, or made some mistake of law or fact." *C.N. Brown Co. v. Gillen*, 569 A.2d 1206, 1209 (Me. 1990) (citing *Poulette v. Herbert C. Haynes, Inc.*, 347 A.2d 596, 599 (Me. 1975)).

The competent evidence of record forms a sufficient evidentiary basis upon which the jury could rationally have found LaFrance incurred at least $50,000 in damages as a result of State Farm's denial of his claim, and that those costs were reasonably foreseeable to the parties at the time of contracting. There is no basis upon which the Court could conclude the jury acted out of some improper motive or misapplication of fact or law in calculating this amount.

III. Conclusion

7

State Farm has not sustained its burden of proving how the jury's verdict with respect to consequential damages "was clearly and manifestly wrong" as a matter of law based on the evidence presented at trial.

In light of the foregoing, the shall make the following entry on the docket by reference under Maine Rule of Civil Procedure 79(a):

Defendant's motion for judgment as a matter of law on the question of consequential damages is DENIED.

**SO ORDERED.**

Dated: October 15, 2018

_____
John O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 10/15/18

8

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-39

RICKY LAFRANCE,

Plaintiff,

v.                                                    **ORDER**

STATE FARM FIRE AND
CASUALTY COMPANY,

Defendant.

Plaintiff Ricky LaFrance brought this action against Defendant State Farm Fire and Casualty Company alleging breach of contract (Count I) and violation of the Unfair Claims Settlement Practices Act ("UCSPA"), 24-A M.R.S. § 2436-A (Count II) for a loss caused by a frozen pipe that burst in his home. State Farm denied coverage for failure to maintain adequate heat in the home. State Farm moved for summary judgment on the UCSPA count, which the court granted. Plaintiff has moved the court to reconsider the order granting summary judgment.

"Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). The rule "is intended to deter disappointed litigants from seeking 'to reargue points that were or could have been presented to the

1

court on the underlying motion.'" *Shaw v. Shaw*, 2003 ME 153, ¶ 8, 839 A.2d 714. The court has discretion to deny such a motion without a hearing. M.R. Civ. P. 7(b)(5).

In moving for reconsideration, LaFrance largely makes the same arguments that were in his opposition to summary judgment. LaFrance expounds further on his theory that once he corrected his admitted initial "lie" that he did not add oil to the tank used to heat the home, State Farm had no legitimate basis to deny coverage, and thus the denial created liability under the UCSPA. The court carefully considered and ultimately rejected LaFrance's argument relying on several First Circuit cases that have held that "any legitimate doubt" about coverage creates a safe harbor under the UCSPA. To the extent LaFrance disagrees with this court's decision, his remedy is an appeal to the Law Court. The motion to reconsider is denied.


The entry shall be:

Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

DATE: October 3, 2015

_____
John O'Neil, Jr.
Justice, Superior Court

2

CV-14-39

ATTORNEYS FOR PLAINTIFF
DONALD FURMAN
ERIC I COLLINS
FURMAN GREGORY LLC
215 MAIN ST SUITE 101
BIDDEFORD ME  04005

VISITING ATTORNEY FOR PLAINITIFF:
JUSTIN LEVINE
1731 BEACON ST – 315
BROOKLINE MA  02445

ATTORNEYS FOR DEFENDANT:
KENNETH PIERCE
MATTHEW K LIBBY
MONAGHAN LEAHY LLP
P O BOX 7046
PORTLAND ME  04112-7046

STATE OF MAINE                           SUPERIOR COURT
YORK, SS.                                CIVIL ACTION
                                         DOCKET NO. CV-14-39


RICKY LAFRANCE,


Plaintiff,


v.                                       **ORDER**


STATE FARM FIRE AND
CASUALTY COMPANY,


Defendant.



Plaintiff Ricky LaFrance brings this action against Defendant State Farm Fire and

Casualty Company alleging counts for breach of contract and violation of the Unfair

Claims Settlement Practices Act ("UCSPA"), 24-A M.R.S. § 2436-A. LaFrance sought

coverage for water damage caused when a pipe burst during the winter and flooded the

home. State Farm denied coverage. State Farm has moved for summary judgment on the

UCSPA claim.

"Summary judgment is appropriate if the record reflects that there is no genuine

issue of material fact and the movant is entitled to judgment as a matter of law." *Dussault

v. RRE Coach Lantern Holdings, LLC*, 2014 ME 8, ¶ 12, 86 A.3d 52 (citation omitted).

"A material fact is one that can affect the outcome." *McIlroy v. Gibson's Apple Orchard*,

2012 ME 59, ¶ 7, 43 A.3d 948 (citation omitted).

1

LaFrance alleges that State Farm violated Section 2436-A(1)(E) of UCSPA, which imposes civil liability on insurers that "[w]ithout just cause, failing to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear." "Without just cause" is defined as "refus[ing] to settle claims without a reasonable basis to contest liability, the amount of any damages or the extent of any injuries claimed." 24-A M.R.S. § 2436-A(2). "[A]ny legitimate doubt is a safe harbor under UCSPA." *Rankin v. Allstate Ins. Co.*, 336 F.3d 8, 16 (1st Cir. 2003).

Andrea Smith, an employee of State Farm, denied LaFrance's claim because he failed to use "reasonable means to maintain adequate heat on the property"—an exclusion under the policy. (Def.'s S.M.F. ¶¶ 2, 25.) Smith based her decision on the following (1) thermostats in the home were set to the low 40's with one completely off, (2) the furnace and oil tank were in need of repair and service, (3) plaster had been removed from some of the walls in the home, and (4) LaFrance represented that he had not purchased oil and other circumstantial evidence[1] indicated little or no oil had been consumed from November to January, when the loss occurred. (Def.'s S.M.F. ¶ 26.)

In response, LaFrance emphasizes a number of measures he took to maintain adequate heat and highlights facts that Smith "ignored and failed to investigate." (Pl.'s Opp. Summ. J. 6-10.) The question here is not whether State Farm in fact properly denied coverage; that issue will be resolved with LaFrance's breach of contract claim. *See Sch. Union No. 37 v. United Nat'l Ins. Co.*, 617 F.3d 554 (1st Cir. 2010) (affirming dismissal of UCSPA claim, but vacating and remanding dismissal of claim for coverage). Rather,

---

[1] As of November, the oil tank had a little more than half a tank of oil, and at the time of the loss in January, there was a little less than half a tank. Smith asked LaFrance during a recorded interview whether he had "purchased" any oil since November, to which he replied "nope." (Pl.'s Opp. Summ. J. 3.) After Smith denied coverage, LaFrance revealed that he had in fact added oil to the tank, apparently from another property.

2

the court must consider whether, based on the facts known at the time of the decision to deny coverage, State Farm acted "without just cause . . . to contest liability."

LaFrance concedes that he initially told Smith he had not purchased oil and at that time, he failed to inform her that he added any oil to the tank. (Pl.'s Opp. Summ. J. 3.) LaFrance attempts to create a factual dispute regarding the oil tank and other measures to evade summary judgment, but that fact is not a "material" one. Even accepting LaFrance's version and assuming he did put oil in the tank, this does not mean State Farm lacked "any legitimate or reasonable basis " to deny coverage. State Farm had a legitimate and reasonable basis to deny coverage based on the undisputed facts regarding the conditions in the home and LaFrance's initial representations. This created a "legitimate doubt" as to coverage, which protects State Farm under the UCSPA's safe harbor provision. Summary judgment as to the UCSPA is therefore appropriate.

The entry shall be:

Defendant's motion for summary judgment as to Count II is GRANTED.

SO ORDERED.

DATE: June \_\_\_, 2015

_____
John O'Neil, Jr.
Justice, Superior Court

3

CV-14-39

ATTORNEYS FOR PLAINTIFF:
DONALD FURMAN ESQ
ERIC I COLLINS ESQ
FURMAN GREGORY DEPTULA
215 MAIN STREET
BIDDEFORD ME  04005

JUSTIN M LEVINE ESQ – VISITING ATTORNEY
LEVINE LAW GROUP LLC
1731 BEACON STREET #315
BROOKLINE MA  02445

ATTORNEYS FOR DEFENDANT:
KENNETH D PIERCE ESQ
MATTHEW K LIBBY ESQ
MONAGHAN LEAHY LLP
PO BOX 7046
PORTLAND ME  04112